## No. 8181.

### SUCCESSION OF ADRIEN LOPEZ.

The controversy is on the proof of an olographic will, between the universal legatee and the heirs at law. The lower Court gave judgment against the legatee for want of legal proof of the will, decreeing that *there was no olographic will of the deceased.*

*Held* that the proof was insufficient, but that the judgment should have been one of non-suit only, as the legatee may still discover and produce proper evidence of the will.

APPEAL from the Seventeenth Judicial District Court, parish of East Baton Rouge. *Sherburne,* J.

*Favrot & Lamon* for the Universal Legatee, Appellant.

*R. W. Knickerbocker* for the Heirs, Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J. Adrien Lopez died leaving a widow, collateral relatives, and property valued at $1500.

Mrs. Lopez presented for probate a document purporting to be the olographic last will of her husband, and an institution of herself as his universal legatee.

The proceeding was conducted contradictorily with the presumptive heirs, who emphatically denied that the instrument had been dated, written and signed by Lopez.

The trial resulted in a judgment against the petitioner, and in favor of the heirs, declaring that " no olographic will and testament exists in the succession of Adrien Lopez." This judgment is before us for review.

It it clear that the denial of the relatives had the effect of requiring no less evidence than the judge should have exacted in an *ex parte* proceeding.

We do not understand the widow as claiming that she has produced in the lower court two credible witnesses who have attested that they recognized the document exhibited to them as being entirely written, dated and signed in the handwriting of Lopez, as having often seen him write and sign. R. C. C. 1655. She affirms that *she* has testified in that manner; that she has proved the genuineness of his writing by a witness who saw him write once, and of his signature by other witnesses who

saw him write his name more than once; that she endeavored to complete the evidence by a comparison of writings. The proposition is that her testimony can be supplemented and strengthened by evidence which is not that mentioned in article R. C. C. 1655, which has several times already been the subject of judicial examination and exposition. 12 M. 639; 2 R. 433; 9 An. 147; 11 An. 124; 18 An. 444; 23 An. 117; 25 An. 85; 31 An. 315.

No bill of exception was taken to the evidence by comparison of handwriting.

It is, therefore, unnecessary for us to express an opinion on a question which has not even recently been uniformly dealt with.

After a close analysis of the evidence, we do not find, conceding, *arguendo,* the theory of plaintiff, that the document produced and claimed to be the last will of Adrien Lopez, is satisfactorily proved to have been dated, written and signed by him. It cannot now be probated and executed as his will.

We think that the District Judge should not have ruled as absolutely as he has done. It may well happen that the plaintiff may hereafter discover and produce evidence actually unknown to her.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be reversed, and that plaintiff's demand be dismissed as in case of *nonsuit;* the costs of appeal to be paid by the appellees, and those of the lower court by the appellant.