*236
 
 HAWTHORNE, Justice.
 

 Plaintiff, Mrs. Betty Hardin, wife of Delbert F. Dumas, brought this suit to recover the sum of $9070.41 against the Canal Street Hotel Corporation, operator of the Jung Hotel in New Orleans, as damages for false arrest and malicious prosecution and as overtime wages, services rendered, and the price of certain articles purchased by plaintiff for defendant at its request.
 

 The suit was originally instituted against the Operating Company, Inc., but petitioner by supplemental petition alleged that the operator of the Jung Hotel was the Canal Street Hotel Corporation, and by an amended and supplemental petition together with her original petition, both duly served on this latter corporation, this corporation was made party defendant herein.
 

 Plaintiff alleged that she was employed by the defendant herein as personnel director, and that her duties consisted of selecting and employing young women to operate the elevators in the Jung Hotel and in supervising and directing the manner of operation of the elevators; that on July 31, 1944, at about 6:00 p. m. one of the assistant managers of the hotel approached her and in a loud and unruly tone informed her that she was discharged from her employment, grabbed her by the shoulder, and told her to go upstairs and get her pay; that the officials of the hotel called the police department of the City of New Orleans, and had petitioner arrested and incarcerated in jail without any warrant of arrest and without pursuing the forms and procedure provided by law in such cases; further, that the manager of the hotel had her ejected from the hotel by two uniformed policemen by the use of force and violence, placed in a patrol wagon, and conveyed to the First Precinct Police Station; that she was forced to remain locked in the patrol wagon outside the hotel for about an hour and compelled to remain in the precinct station for about two hours.
 

 She further alleged that the defendant, through the general manager of the hotel, without any justification charged her in an affidavit filed in the First Recorder’s Court with the offense of disturbing the peace; that in that court she was convicted and sentenced to -pay a fine of $10 or to serve 30 days in the parish prison; that upon appeal to the Criminal District Court for the Parish of Orleans her conviction and sentence were set aside.
 

 She alleged also that the acts of defendant’s employees constituted false arrest and malicious prosecution of petitioner and were perpetrated upon her maliciously and without probable cause; that the charges made against her were at all times untrue, to the knowledge of defendant, and that as a result of this false arrest and malicious prosecution she had sustained damages, which she itemized, in the sum of $8750.
 

 Petitioner further alleged that the defendant was indebted to her in the addi
 
 *237
 
 tional amount of $320.41 for overtime wages, services rendered, and the price of certain articles purchased by her for defendant at its request, each of these claims being itemized in her petition.
 

 Defendant in answer admitted the employment of plaintiff and also her discharge, but denied that the discharge was without cause, and denied all the material allegations of fact made in plaintiff’s petition.
 

 After trial in the lower court, judgment was rendered rejecting plaintiff’s demands at her costs. From this judgment she appealed to this court.
 

 The record in this case discloses that the testimony is in conflict on all material points, and we are unable to reconcile it. Plaintiff offered testimony tending to show that on the day in question she came from her home into the lobby of the Jung Hotel, and that one of the assistant managers, Mr. Baker, in response to her inquiry as to why she was discharged, assaulted her by placing his hands on her shoulders and shaking her violently without cause or justification, informed her that she was discharged, and told her to go to the cashier’s office on the mezzanine floor, receive her pay, and get out of the hotel; in substance, that thereafter, while she was on the mezzanine floor of the hotel, she was unexpectedly confronted by Mr. Baker, who was accompanied by two police officers, and without any reason was forcibly taken out of the hotel by the police officers, locked in a patrol wagon, and left there for some time; that she was taken to the police station and subsequently charged in an affidavit by an official of the hotel with disturbing the peace; that she was tried for this offense in recorder’s court, convicted, and sentenced; that this conviction and sentence were reversed on appeal; that she created no disturbance whatsoever at the hotel, and that defendant’s employees had no cause to have her removed from the premises by police officers.
 

 On the other hand, defendant offered testimony of its officials, employees, former employees, and police officers tending to establish that the assault upon plaintiff by Baker did not take place; that upon entering the lobby of the hotel she immediately created a disturbance, became highly excited, lost control of her temper, and spoke in a loud voice; that the employees and officials of the hotel attempted to calm plaintiff but were unsuccessful, and could not persuade her to leave the building in a quiet and orderly manner; that the police officers upon their arrival observed the disturbance which at that time was taking place on the mezzanine floor, their attention being called to it by the sound of loud voices issuing therefrom and by the fact that a number of guests of the hotel were standing in the lobby looking upward to the mezzanine floor; that the officers proceeded to that floor, where they found plaintiff highly excited, talking in a loud, boisterous voice — as one of them described it, “fus
 
 *238
 
 sing”; that she spoke abusively to Mr. Baker in their presence; that they themselves were unable to calm plaintiff or do anything with her.
 

 It is impossible for us to get a clear picture of what actually happened at the hotel on that afternoon. As we have already pointed out, the testimony offered by plaintiff is flatly contradicted on material points by that offered by defendant. Moreover, the testimony of the witnesses called by both parties is in hopeless conflict on many details of what took place, and some of the witnesses seemed to be so confused and vague that they actually contradicted their own testimony.
 

 The trial judge, after hearing all the testimony, in his reasons for judgment concluded that the proof submitted in this case did not establish with reasonable certainty that there was a malicious detention of the plaintiff, and that it did not show with reasonable certainty that her detention was without color of legal authority. We fully agree with this statement.
 

 That a plaintiff must make out his case by a preponderance of evidence and with reasonable certainty is so well established that citation of authority for this proposition of law is unnecessary, and, after a careful study of the entire record, we have reached the conclusion that plaintiff herein has failed in this essential.
 

 We have found no manifest error in the decision of the district court on the question of fact presented by the testimony heard in this case, and we see no reason why we should disturb that decision
 

 All the testimony adduced on the trial of the case was in connection with plaintiff’s claim for damages for false arrest and malicious prosecution, and no evidence or testimony was adduced with regard to her claim for $320.41, alleged to be due her for overtime pay, services rendered, and the price of certain articles purchased by her for defendant at its request.
 

 Upon plaintiff’s offering to adduce testimony in support of these claims, the district judge informed the litigants, in effect, that this testimony would be heard separately. In argument before this court counsel for both litigants conceded that these claims had never been adjudicated or passed upon by the court below, and that it was their understanding that these claims were still pending therein. The judgment as rendered in the district court, however, dismissed the entire suit and did not reserve unto plaintiff her right, if any, to litigate these claims in these proceedings. This undoubtedly was a mere oversight on the part of the judge of that court, and under these circumstances we think’it necessary that the judgment be amended in this respect and the case remanded for further proceedings.
 

 For the reasons assigned, the case is remanded to the district court, and the judgment appealed from is amended so as to reserve unto plaintiff her right, if any, to have adjudicated in these proceedings her
 
 *239
 
 claim for $320.41, alleged to be due her for overtime wages, services rendered, and the price of certain articles purchased by her for defendant at its request; plaintiff-appellant is to pay all costs incurred in this court, all other costs to await the final disposition of the case; and as thus amended the judgment is affirmed.