ELLIS, Judge.
This case involves the validity of an alleged last will and testament of Mrs. Perle Hebert Derouen which was presented to the District Court on the petition of an alleged testamentary executor to have the same probated and to which certain parties, alleging themselves to be the forced legal heirs of the testator, filed an opposition on the ground that it was not genuine since it had not been entirely written, dated and signed in the handwriting of the testatrix. In the alternative they plead that if it be found to have been so written, dated and signed, then it had been procured through undue influence, fraud and false representation at the time of and immediately preceding its execution.
After submission of the opposition in the District Court there was judgment maintaining the same and decreeing the alleged testament to be null and void. An application for rehearing was filed and refused, whereupon the alleged testamentary executor obtained an order for a suspensive and devolutive' appeal to the Supreme Court. The latter Court failed to find any allegation, statement or proof as to the amount involved in the estate and ordered the case transferred to the Court of Appeal for the First Circuit, La.Sup., 45 So.2d 91.
The record was filed in this Court on February 21st, 1950 and on March 6th, 1950 the appellees filed a motion to dismiss the appeal upon the following grounds:
1. The testimony of witnesses presented in behalf of appellant and appellees on the trial of this matter was not taken nor reduced to writing, by consent of all parties.
2. Correctness of judgment appealed from and determination of issue involved depends entirely upon verbal testimony of the witnesses heard.
3. Transcript of appeal does not contain a statement of facts prepared in accordance with the provisions of Code of Practice Articles 602 and 603, nor any evidence of an attempt to obtain such statement or reservation of right to do so in order to appeal.
4. Transcript of appeal does not contain any bills of exceptions nor assignment of errors.
In answer to the fourth ground urged for the dismissal, there is in the record an assignment of errors filed in’ this court on March 1st, 1950 by counsel for' appellants,
It is shown by the record that immediately prior to the trial of this matter in the District Court, counsel for. both the appel-, lees and appellant entered into an agreement or stipulation to dispense with the taking of the written note of evidence, and after the judge of the District Court had heard the witnesses for opponents and proponent, the matter was submitted and on September 21st, 1948 judgment was rendered, read and signed rejecting the instrument which purported to be the last will and testament of the deceased and further decreeing it to be null and void. An application for a rehearing was timely filed and therein counsel for appellant affirmatively set forth facts which, if true, or if the rehearing had been granted and said facts had been proven, would have resulted in the reversal of the judgment. However, the motion for rehearing was overruled.
Counsel for appellant contends that this motion for a rehearing should have been granted and in this we agree, for the trial court, in effect, held that the proof was nor sufficient to show that the purported will was entirely written, dated and signed by the deceased as the witnesses for the proponent could only testify that they had seen the deceased sign her name, whereas wit *346 nesses for the opponents testified that she was unable to write but could only sign her name and that the decedent did not speak English but conversed exclusively in French and that the will “contains legal words and phrases in the English language which she could not have known or understood.” As stated, the motion for rehearing sets forth facts which, if proven, would have shown that the deceased was educated and could •read and write the English language and that the bank box in which the will in question was found also contained a legal form of the will which would have indicated that the deceased was advised by counsel and used this form in drawing up the will in question.
In this court two of the legatees under the purported will have filed a petition, with accompanying affidavits, showing that if given an opportunity to join the proponent of the will on remand they can establish the legality of the will. Conceding that the affidavits cannot be considered by this court in deciding this case yet they do present the advisability of a remand. Under Code of Practice, Art. 906, we have the discretion to remand a case for further trial whenever we feel that'the ends of justice can better be reached by such a remand.-
We are of the opinion that the motion for a rehearing should have been granted as it was timely filed and the testimony had been heard but not transcribed due to an. agreement between counsel for proponent and opponents, and the motion sets forth facts which, if proven, would uphold the validity of the will. While the judge was not satisfied with the proof offered, we believe he should have given the-plaintiff the opportunity to supplement the proof. Our views are in accord with the decision of the Supreme Court in the Succession of Lopez, 33 La.Ann. 368, which involved the probation of an olographic last will, and after trial the Lower Court rendered judgment decreeing that “No olo-graphic will and testament exists in the Succession of Lopez.” The Court stated:
“After a close analysis of the evidence, we do not find, conceding arguendo, the theory of plaintiff, that the document produced and claimed to be the last will of Adrien Lopez, is satisfactorily proved to have 'been dated, written and signed by him. It cannot now be probated and executed as his will.”
"We think that the District Judge should not have ruled as absolutely as he has done. It may well happen that the plaintiff may hereafter discover and produce evidence actually unknown to her." (Emphasis added)
“It is, therefore, ordered, adjudged and decreed that the judgment appealed from be reversed, and that plaintiff’s demand be dismissed as in case of nonsuit; the costs of appeal to- be paid by the appellees, and those of the lower court by the appellant.”
It is, therefore, ordered that the judgment of the District Court be reversed and that the motion for a rehearing be granted and this case remanded to the District Court for trial on said motion in accordance with law. It is further ordered that the opponents pay the costs of appeal and all other costs to await the final determination.