GLADNEY, Judge.
Appellant, Melvin F. Johnson, appeals from a judgment of the District Court sustaining an exception of no cause or no right of action. A similar exception was also sustained as to the demands of Mrs. Eugene H. Fleming III, who joined plaintiff by way of intervention to assert the facts and to claim the damages as set forth in the petition. From the judgments sustaining such exceptions only plaintiff has perfected an appeal.
Plaintiff’s suit is for damages for an alleged breach of an oral contract to sell immovable property and in the alternative, for a servitude of passage across a city lot owned by the defendant. In the original petition filed on January 17, 1951, plaintiff alleged that the defendant, Mrs. Rachel E. Sandifer, the owner of Lot 23, Block B, Southside Park Subdivision of the City of Shreveport, Louisiana, entered into an agreement to sell to him said property. By supplemental petition he alleged .that the agreement to buy and sell was oral.
It is further alleged that plaintiff, relying on the oral agreement, made arrangements to purchase from Mrs. Gaynell C. Murray other lots located in the Southside Park Subdivision, which said lots are adjacent to dedicated streets according to plat of the subdivision; that although the lots purchased from Mrs. Murray are adjacent to dedicated streets they are virtually enclosed and inaccessible because the street areas are in fact, deep ravines with streams and creeks running across or along them; and the City of Shreveport has refused to install fills or bridges to make said streets practicable.
Plaintiff claims he sustained damages from cashing 'his interest-bearing bonds upon the faith of defendant’s promises; and incurred costs and expenses arising from the necessity of filing suit for a right-of-way or passage across defendant’s lot.
After the record of appeal was lodged in this Court an application to remand was filed on behalf of Melvin F. Johnson, plaintiff, and Mrs. Fleming, intervenor, in which it is averred that the exceptions of no cause or no right of action sustained by the District Court were based on the inadmissibility of evidence regarding a verbal promise to sell immovable property; and that such question could properly be resolved if plaintiff could present to the defendant interrogatories on facts and articles, a pro *764 cedure which plaintiff and intervenor neglected to attempt previous to the trial of the case. This Court is requested to remand the case as provided under Article 906 of the Code of Practice for the express purpose of permitting plaintiff to propound interrogatories on facts and articles to the defendant and to receive answers thereto.
Under the article above' referred to this Court unquestionably has authority to remand a case for further trial, whenever it is of the opinion the ends of justice can better be reached by such a remand. Succession of Derouen, 216 La. 957, 45 So.2d 91, 46 So.2d 344. This power, 'however, is one which must be sparingly exercised by the Court. See: Bayou Rapides Lumber Company v. Campbell, 215 La. 849, 41 So.2d 781. It has also been held that in instances where a remand could not change the result no occasion is presented for remanding the case. Gaines v. Standard Accident Insurance Company, La.App., 32 So.2d 633; Blackburn v. Chenet, La.App., 42 So.2d 288.
The decision which we have reached herein, however, does not permit of the remand because of our views, upon the judgment upholding the exceptions of no cause or right of action. We believe the exceptions would require the same rulings by the trial Court even should we remand for the purpose of permitting plaintiff the right to propound interrogatories on facts and articles. Article 2275 of the Revised Civil Code provides, as follows: “Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold.” (-Italics ours.)
This plain and unmistakable language conditions the right to propound interrogatories upon the actual delivery of the immovable property alleged to'have been sold. A careful review of the allegations of plaintiffs and intervenor’s pleadings fails to disclose there has been any acfual delivery by the defendant of the property to anyone. Article 2440 of the Revised Civil Code provides that: “All sales of immovable property shall be made by "authentic act or under private signature. Except as provided in Article 2275, every verbal sale of immovables shall be null, as well for third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted.” (Italics ours.)
Historically speaking the early Spanish law in Louisiana permitted an oral sale of immovables. This was changed by the Louisiana Civil Code of 1808, which required such sales to be in writing, and this provision was preserved in the codes of 1825 and 1870., Our courts have been consistent in their rejection of parol evidence to prove any agreement affecting immovables, except where the requirements of Article 2275 have been adhered to. The stated principle in Article 2275 is also incorporated in the following codal articles, dealing with donations, other means of alienation, and encumbrances, which are required to be in writing: Articles 1536, 1575, 2440, 2783, 3176 and 3305.
Professor Leon Sarpy in an article appearing in 14 Tulane Law Review, page 16, entitled “Form In Louisiana Contracts 'Involving Rights In Property” enumerates 'but two exceptions to the above rule: first, an oral lease of immovables, and, second, an oral disposition after actual delivery where the adverse party confesses it under oath.
We find no difficulty in understanding Article 2275, as to actual delivery. Such delivery is a condition precedent to the right to- propound interrogatories to the alleged vendor. In Matthews v. Gaubler et al., La.App., 49 So.2d 774, 775, 777, delivery and the effects thereof relative to the sale of real property is pronounced by our brothers of the Orleans Court of Appeal, as follows:
“Under the provisions of art. 2475, R.C. C., the seller is bound to two principal obligations, that of delivering the thing, and that of warranting the thing which he sells. In Derbonne v. Burton, La.App., *765 189 So. 473, 474, it was said that ‘the obligation of delivery is the primary obligation to be fulfilled.’
“What is to be considered a delivery of possession is determined ' by the rules of law, applicable to the situation and nature of the property. Art. 1924, 'R.C.C. The tradition or delivery is the transferring of the thing sold into the power and possession of the buyer, and the law considers the tradition or delivery of immovables, as always accompanying the public act, which transfers the property. Arts. 2477, 2479, R.C.C.”
* ifs * * * *
“The penalty for the failure of a vendor to make delivery is stipulated for in R.C.C. arts. 2485 and 2486, respectively, as follows:
“ ‘If the seller fails to make the delivery at the time agreed on between the parties, the buyer will be at liberty to demand, either a canceling of the sale, or to be put into possession, if the-delay is occasioned only by the deed of the seller.’ ”
As previously stated, plaintiff’s pleadings fail to disclose an actual delivery of defendant’s property has been made to him or that he has ever exercised any possession or occupancy of defendant’s lot.
From the foregoing authorities it is apparent that plaintiff is: not entitled to propound interrogatories on facts and articles because of his failure to- secure actual delivery. Thus, there is no way in which appellant can, establish a contract consistent with Articles 2275 and 2440 of the R.C.C. In Rubenstein v. Files, 146 La. 727, 84 So. 33, the Supreme Court considered a case where plaintiff had not secured delivery of the property and defendant when interrogated, instead of confessing, denied that any sale had been made by her of her property; and the Court held one cannot recover damages for the non-performance of a contract, the existence of which he failed to establish.
In his brief, appellant cites certain common law authorities to the effect that proof of constructive fraud may be asserted 'by parol. , We do not consider the legal doctrine referred to has application in the instant case, first, because of the plain meaning of Articles 2275 and 2440 of the R.C.C., and second, because the pleadings do not imply fraud on the part of defendant.
Although she has joined plaintiff in the application for remand, intervenor is not properly before this Court due to the fact that no appeal was taken on her behalf. In White v. Fifth Regular Baptist Church, 31 La.Ann. 521, a case involving this identical point, the Court said:
“Now, if the judgment of the court dismisses that petition, and the intervenor do not appeal, is he a party to an appeal taken by plaintiff from the judgment in favor of defendant, rejecting his (plaintiff’s) demand? The judgment against the inter-venor is not brought before us by plaintiff’s appeal from the judgment against him. See Lane v. Clark, 27 [La.]Ann. 201; (Abat v. Nartigue) 8 L[a]. 192; (Kemp v. Womack) 1 R[ob]. 369; (Gibson v. White) 4 [La.]Ann. 14; (Coleman v. Haight) 14 [La.]An[n]. 564 (74 Am.Dec. 446). Intervenors are certainly not appellants. They are not appellees, because the judgment passing upon their demands has not been appealed from. If we were to consider them appellees, how could-this court pass upon their issue with defendants, who are themselves appellees? A judgment can not. be changed or revised as between appellees; and the -very basis of intervenors’ interest in this controversy rests upon their alleged rights as trustees, which could only foe passed upon contradictorily with defendants.
“We therefore, proceed to decide this case as between plaintiff and defendants, who are the only parties before us.” See also: Laloire v. Wiltz (Bush & Levert, Intervenors), 31 La.Ann. 436-438.
In McMichael v. Thomas (Henderson, Intervenor), 164 La. 233-237, 113 So. 828, 830, both the plaintiff and intervenor took appeals but plaintiff’s appeal was dismissed. In sustaining intervenor’s right to assert his demands independently of the plaintiff, the Court there said:
*766 “The intervener did not acquiesce in the judgment of the lower court rejecting his demand, but has appealed.
“As the judgment against the intervener cannot be brought before us by plaintiff’s appeal from the judgment against himself, it is clear that the appeal taken in this case by the intervener is separate and distinct from that prosecuted by the plaintiff, and cannot be affected by the dismissal of plaintiff’s appeal. White v. Fifth Regular Baptist Church, 31 La.Ann. 521; Lane v. Clarke, 27 La.Ann. 201; Coleman v. Haight, 14 La.Ann. 564.
“Necessarily intervener has the right to be heard on appeal, and to have the judgment rendered against him changed, if erroneous, as a dismissal of his appeal would be equivalent to affirming the judgment of the lower court, and, if hereafter intervener should renew his suit, he would be confronted with a plea of res adjudicata as a bar to any further proceeding.”
In intervenor’s petition, her prayers for judgment in her favor are: “and against the defendant as the law and the evidence ■may be determined by the Court, only in the alternative to the original plaintiff and only in the alternative for damages or right of passage as prayed for by plaintiff in his supplemental and amended petition; she further prays for all orders necessary, convenient and equitable and for general relief, etc.”
¡Intervenor’s interests, therefore, are largely independent of plaintiff’s and her failure to appeal under judgment of the trial Court has, in our opinion, concluded the legal controversy as far as she is concerned. However, since our views in this case confirm those of the Lower Court, and are adverse to plaintiff, our refusal to consider the asserted rights of intervenor is of no consequence.
For the reasons hereinabove set forth, the judgment appealed from is affirmed at appellant’s cost.
KENNON, J., not participating.