DENNIS, Judge.
This is a proceeding in which Carolyn Boyett, former wife of Tena Wingfield, defendant, seeks declaratory judgment recognizing her' as sole /owner of certain immovable property of the former community of acquets and gains. Defendant filed an exception of no cause of action contending that the petition contained no allegation of a written community property settlement and that verbal sales of immovable property are null even between the parties. The district court sustained the exception, and plaintiff appealed. We affirm.
The well pleaded allegations of the plaintiff’s petition must be accepted as true for the purpose of determining whether the petition states a cause of action. Paragraphs 3, 4 and 5 of plaintiff’s petition state:
“3.
“That following the above-said Judgment of Separation, petitioner and defendant did negotiate a community property settlement, under the terms of which, in pertinent part, defendant was to convey unto petitioner his interest in the former family home located at 2328 Douglas Street, Bossier City, Louisiana, which property is more particularly described as being:
“Lot 13, Greenacres Subdivision, Unit No. 1, A subdivision in Bossier City, Bossier Parish, Louisiana, as per plat recorded in Book 141, at Page 525, of the Conveyance Records of Bossier Parish, Louisiana, together with all buildings and improvements thereon located.
*237 . “That attached hereto and made a part hereof is a copy of the negotiated community property settlement, designated Exhibit ‘A’.
“4.
“That defendant and his legal counsel agreed to and accepted all the terms of the community property settlement, and plaintiff did perform her obligations under said property division agreement; plaintiff subsequently forwarded a written assumption deed to the defendant for execution so that plaintiff’s record title to the property described in Paragraph 3 above would be clear; a copy of said assumption deed' is attached hereto and made a part hereof as Exhibit ‘B’.
“5.
“That these facts notwithstanding, defendant has failed and refused to execute the deed attached hereto as Exhibit ‘B’, and plaintiff’s record title to said property continues to be clouded by the record of defendant’s name thereon.”
Exhibit “A” referred to in paragraph 3 of the petition was a photocopy of an unsigned instrument entitled “Community Property Settlement”. Thus it is clear that by this suit plaintiff seeks to enforce a verbal sale of immovable property.
Pertinent to the issue at hand are Civil Code Articles 2440 and 2275 which state:
“Art. 2440. Sale of immovable, methods of making
“Art. 2440. All sales of immovable property shall be made by authentic act or under private signature.
“Except as provided in article 2275, every verbal sale of immovables shall be null, as well for third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted.”
“Art. 2275. Verbal sale of immovables
“Art. 2275. Every transfer of immovable property must be in writing; but if a verbal sale, or- other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold.”
Our courts have been consistent in their rejection of parol evidence to prove a sale of immovables, except where the requirements of Article 2275 have been adhered to. The plain and unmistakable language of this article conditions the right to propound interrogatories upon the actual delivery of the immovable property alleged to have been sold. Thus, the allegation that the property has actually been delivered is essential to the statement of a cause of action for the enforcement of a verbal sale of immovable property under Article 2275. Johnson v. Sandifer, 56 So.2d 762 (La.App., 2d Cir. 1952).
A careful review of the allegations of plaintiff’s pleadings fails to disclose there has been any actual delivery by the defendant of the property to anyone. Therefore, the district court was correct in sustaining the exception of no cause of action.
Plaintiff contends, however, that the judgment of the trial court should be reversed because of its rulings with regard to her motions for a new trial and for traversal of interrogatories. Before the court decided the exception of no cause of action plaintiff propounded interrogatories to defendant concerning the alleged verbal conveyance of the property. On the day of the hearing on the exception the defendant filed his answers to the interrogatories in which he denied the verbal sale. After the exception was sustained plaintiff filed motions for new trial and to traverse the answers to the interrogatories. At the hearing on these motions the trial judge *238 refused to allow plaintiff to introduce pa-rol evidence to traverse the interrogatories .and denied both motions.
We must reject the plaintiff’s contention because, under Art. 2275, the actual delivery of the immovable property is a condition precedent to the right to propound interrogatories to the alleged vendor. Johnson v. Sandifer, supra. Therefore, in the instant case, where -the plaintiff failed to allege actual delivery of the property, it would have been improper, and even futile, for the court to consider the interrogatories and answers thereto, much less a traversal of them. Furthermore, it also appears to be settled that, in any event, answers to interrogatories under Art. 2275, which supply the place of written evidence, must be accepted as true and cannot be contradicted by parol testimony. Rubenstein v. Files, 146 La. 727, 84 So. 33 (1920); Cernich v. Cernich, 210 La. 421, 27 So.2d 266 (1946); Perry v. Perry, 122 So.2d 829 (La.App., 1st Cir. 1960).
The judgment of the trial court is affirmed at the cost of the appellant.
Affirmed.