h STEWART, J.
This is an appeal by Clark Construction Company, Inc., (“Clark”), from a judgment denying its petition for- a writ of mandamus seeking cancellation of liens filed by subcontractors in connection with the construction of a Wal-Mart Supercenter (the “Supercenter”). Because it appears that the trial court erred in denying the petition for the writ of mandamus without first addressing other pending issues which may warrant the relief sought by Clark, we hereby reverse that portion of the judgment denying the writ of mandamus as to those defendants against whom Clark asserted additional grounds for relief, and we remand the matter to the trial court for further proceedings to address the pending issues.
FACTS
On October 15, 1997, Wal-Mart Stores, Inc., (“Stores”) contracted with Clark, a general contractor, for construction of a Supercenter on Pines Road in Shreveport, Louisiana. A performance bond filed by Clark in connection with the construction project names Stores as the project owner. The bond was filed in the mortgage records of Caddo Parish on November 12, 1997. A notice of contract between Clark and Stores was recorded on December 19, 1997.
The property on which the Supercenter was to be constructed was purchased on October . 31, 1997 by Wal-Mart Stores, East, Inc., (“East”). Subsequently, Wal-Mart Real Estate Business Trust (“Trust”) purchased the property from East on November 25,1997.
On August 17, 1997, Clark filed a “Certificate of Substantial Completion” of the project. This notice was recorded in the Caddo Parish mortgage records. Over thirty days after the filing of the notice of completion, the defendants, subcontractors on the project, filed liens under the provisions of the Private Works Act, La. R.S. 9:4801 et seq., on the dates listed:
Curbs, Inc. Sept. 17, 1998
Mohr & Associates, Inc. Sept. 17, 1998
|2Prime Services, Inc. Sept. 18, 1998
TXl Operations, L.P. Oct. 2,1998
Murphy Bros. Tracking, Inc. Oct. 7,1998
R.B. Everett & Company Oct. 9,1998
Alto Concrete Floors, Inc. Oct. 9,1998
Con-Equip, Inc. Oct. 9,1998
Anderson Machinery Company Oct. 9,1998
Alvin Equipment Company Oct. 9,1998
Gifford Hill & Company Oct. 14,1998
Clark then sought a writ of mandamus ordering cancellation of these liens from *679 the public record. Clark’s primary contention in its petition was that the defendants’ liens were untimely filed. Clark asserted that in accordance with La. R.S. 9:4822, the defendants were required to record their liens within thirty days of the recor-dation of the notice of substantial completion.[1] Since the notice was recorded on August 17, 1998, the defendants should have asserted their claims prior to September 16, 1998. Clark also raised other grounds for relief in its petition and amended petition. Against Prime Services, Inc., Con-Equip, Inc., Anderson Machinery, and Alvin Equipment Co., Clark asserted the failure to provide notice of an equipment lease as required by La. R.S. 9:4802(G) as grounds for cancellation of their liens. Against Mohr & Associates, Inc., Clark asserted the failure to provide notice in accordance with La. R.S. 9:4802(A)(5)(b), which requires prime consultants to give written notice within thirty working days after the date of employment.
The defendants’ primary argument against Clark was that the thirty day period for filing their liens did not apply since there was no recorded notice of | ¡¡contract between Clark and the “owner” as required by La. R.S. 9:4811.[2] The defendants asserted that the “owner,” as defined by La. R.S. 9:4806, is the record owner of the immovable.[3] Here, Clark did not contract with either record owner, East or Trust.
A hearing was scheduled for February 1, 1999. Clark’s memorandum in support of its petition for a writ of mandamus includes the following paragraph:
In order to avoid the expense of bringing in witnesses from out of town, and with the belief that the Court’s decision on the more pervasive issue of whether the liens were timely filed may render moot some of the other issues, the parties request that the Court consider only the issue of whether the liens were timely filed at this time. With the Court’s indulgence, the parties will reserve all other issues for a consideration at a later date.
The issue of whether the liens were timely filed was submitted to the trial court on the date of the hearing on the basis of the parties’ memoranda and stipulations. In a judgment rendered February 25, 1999, the *680 trial court concluded that the notice of contract was not signed by the record owner of the property as required by La. R.S. 9:4811 and found that all liens or privileges filed within sixty days .of August-12, 1998, the date of substantial completion, were timely. The trial court then, went on to deny the writ of mandamus for all claims or privileges filed on or before sixty | ¿days from August 12, 1998, and to grant the writ of mandamus as to all claims filed more than sixty days after that date.[4]
Thereafter, Clark filed a motion for a new trial seeking to have the trial court limit its ruling to the issue of timeliness of the liens. In support of its motion, Clark included its memorandum in support of the petition for writ of mandamus which explained that the parties desired to limit the February 1, 1999 hearing to the issue of. timeliness and reserve the remaining issues for consideration at a later date. Clark also included a letter to the trial court dated January 28, 1999, discussing the scheduled hearing, the parties’ joint stipulation, and the parties agreement to limit the hearing to the issue of timeliness. No memorandum in opposition to Clark’s motion for a new trial is included in the record. The trial court denied Clark’s motion, and this appeal by Clark followed.
DISCUSSION
Clark asserts that the trial court erred in denying the writ of mandamus and asks this court to remand the case for further proceedings on the merits. Clark also asserts that the trial court erred in determining that the liens filed within sixty days from August 12, 1998 were timely. Curbs, Inc. ■ (“Curbs”), filed a brief agreeing with Clark’s assertion that the trial court erred denying the' writ of mandamus since only the timeliness issue was to be decided. Murphy Bros. Trucking, Inc. (“Murphy”), concurs in Curbs’ arguments. We note that Clark has- no other defenses against either Curbs or Murphy other than the timeliness of their liens. Mohr & Associates, Inc. (“Mohr”), against whom Clark asserted another basis for Cancellation of its lien, argues that the trial court correctly denied the writ of mandamus as to those liens filed within sixty days from the date of substantial | ^completion. Mohr asserts that denial was proper due to the confusion created by the ownership issues and the 'failure of Clark and the Wal-Mart entities to strictly comply with the requirements of the Private Works Act. Mohr also asserts that because Clark never engaged in a construction contract with the record owner, Clark cannot demand cancellation of the liens.
An appellate court may render any judgment which is just, legal, and proper upon the record on appeal. La. C.C.P. art. 2164. We may remand a case for further trial whenever the ends of justice can be better served by remand, but such power must be sparingly exercised. Johnson v. Sandifer, 56 So.2d 762 (La.App. 2d Cir.1952). Remand is appropriate where claims asserted by a party were not litigated and remain pending in the trial court. See Hardin v. Operating Co., 212 La. 467, 32 So.2d 893 (1947); Sylvester v. Qualls, 520 So.2d 1030 (La.App. 3rd Cir. 1987).
The record shows that the parties agreed to limit the hearing on February 1, 1999 to the issue of timeliness of the liens. A ruling in favor of Clark would render moot the other claims raised by Clark against a number of the defendants. An appeal would naturally follow. In the event of an adverse ruling, the parties would then proceed to litigate Clark’s alternative claims. Rather than limiting its ruling to the issue of timeliness, the trial court went further and ruled on the merits of the petition for writ of mandamus with *681 out providing an opportunity for Clark to litigate its alternative grounds for relief. The trial court’s denial of the writ of mandamus as to all claims or privileges'filed on or before sixty days from August 12, 1998 effectively denied Clark the opportunity to assert its additional grounds for relief. We believe that it was error for the trial court to deny the writ of mandamus without first receiving evidence and ruling upon the remaining issues.
We also note that the reference in the trial court’s judgment to August 12,' 1998 as the date from which the time for filing, claims or privileges begins to run is not in accordance with the requirements of La. R.S. 9:4822, which provides for | ¿filing claims or privileges within thirty or sixty days after the “filing of a notice of termination of the work.” Here, the notice of substantial completion was dated August 12, 1998, but filed on August 17, 1998. Thus, timeliness of the hens should be determined by reference to the filing date of August 17,1998.
In its brief, Mohr questions whether Clark can even assert other grounds for relief since the trial court ruled that the notice of contract was not signed by the record owner. While this issue is worthy of consideration, it would be more appropriate to raise it before the trial court and in response to Clark’s other grounds for relief against Mohr. We do not read the trial court’s finding that the record owner did not sign the notice of contract as determinative of Clark’s remaining claims.
Our determination that the trial,court erred in denying the writ of mandamus without first addressing Clark’s remaining claims requires that we reverse the trial court’s judgment denying the writ of mandamus. However, this reversal is limited to the denial of relief only as to those defendants against whom Clark asserted additional claims. These defendants include Mohr, Prime, Con-Equip, Inc., Anderson Machinery, and Alvin Equipment Co. We remand the matter to the trial court for further proceedings to address Clark’s remaining claims against these defendants and to correct its ruling on the timeliness issue by using the date of filing of the notice of substantial completion, August 17, 1998, as the start date for determining whether the defendants claims were timely filed. Because the issue of timeliness appears to be entwined with the remaining issues, as suggested by Mohr in its brief, we will not at this, time review the trial court’s ruling regarding the timeliness of the liens. Upon a final determination by the trial court, this matter can be addressed on appeal.
: ^CONCLUSION.
For the reasons set forth, without reviewing the trial court’s- ruling on the issue of timeliness, we reverse that portion' of the trial court’s judgment denying the writ of mandamus as to those liens filed by defendants against whom Clark asserted additional grounds for relief. We further remand the matter to the trial" court for proceedings on the remaining issues.
REVERSED IN PART AND REMANDED.

. La. R.S. 9:4822 provides in relevant part:
A. If a notice of contract is properly and timely filed in the manner provided by R.S. 9:4811, the persons to whom a claim or privilege is granted by R.S. 9:4802 shall within thirty days after the filing of a notice of termination of the work:
(1)File a statement of their claims or privilege.
[[Image here]]
C. Those persons granted a claim and privilege by R.S. 9:4802 for work arising out of a general contract, notice of which is not filed, and other persons granted a privilege under R.S. 9:4801 or a claim and privilege under R.S. 9:4802 shall file a statement of their respective claims and privileges within sixty days after:
(1) The filing of a notice of termination of the work....

. La. R.S. 9:4811 provides in relevant part:
A. Written notice of a contract between a general contractor and an owner shall be filed as provided in R.S. 9:4831 before the contractor begins work, as defined by R.S. 9:4820, on the immovable. The notice:
(1) Shall be signed by the owner and contractor.
(2) Shall contain the legal property description of the immovable upon which the work is to be performed and the name of the project.
(3) Shall identify the parties and give their mailing addresses.
[[Image here]]
B. A notice of contract is not improperly filed because of an error in or omission from the notice in the absence of a showing of actual prejudice by a claimant or other person acquiring rights in the immovable. An error or omission of the identity of the parties or their mailing addresses or the improper identification of the immovable shall be prima facie proof of actual prejudice.

.La. R.S. 9:4806 defines "owner” as:
A. An owner, co-owner, naked owner, owner of a predial or personal servitude, possessor, lessee, or other person owning or having the right to the use or enjoyment of an immovable or having an interest therein shall be deemed to be an owner.

. The trial court’s judgment of February 25, ■ 1999 denied the writ of mandamus as to all liens filed on or before August 12, 1998, the date of the notice of substantial completion. The trial court rendered an amended judgment on March 8, 1999, which provided for denial of the writ of mandamus as to all liens filed on or before sixty days from August 12, 1998.