I! GASKINS, J.
Clark. Construction Company, Inc. (“Clark”), appeals from a trial court judgment denying its application for writ of mandamus to cancel private works liens filed in Caddo Parish. We reverse and remand.
Clark was a general contractor on a Wal-Mart construction project. Several documents concerning the project were *1092 recorded in the Caddo Parish mortgage records: a performance bond by Clark, November 12, 1997; notice of contract between Clark and Wal-Mart, December 19, 1997; and a certificate of substantial completion, August 17, 1998. In September and October, 1998, several claimants filed liens alleging that they had provided labor or material for the project.
Clark filed a petition for writ of mandamus in suit No. 435,992, seeking cancellation of the liens on the basis that they were not recorded within 30 days of the recordation of the certificate of substantial compliance, or by September 16, 1998, as required by La. R.S. 9:4822(A). However, the trial court found a 60-day period applicable and held that any liens filed within the 60-day period were timely. This court reversed in part and remanded. See Clark Construction Company, Inc. v. Warren, 33,223 (La.App.2d Cir.5/15/00), 760 So.2d 677. Finding that the parties had agreed to limit the issue before the trial court to timeliness of the liens only, we held that the trial court erred in ruling on the merits of the petition for writ of mandamus without giving Clark the opportunity to litigate its alternative grounds for relief. We chose not to review the issue of timeliness of the liens because of its interwoven relationship to the remaining issues, holding that it could be presented again following a final resolution in the lower court.
| ¡While the. appeal in that case was pending, Clark filed the instant suit, No. 444,907, again seeking a writ of mandamus to cancel the same liens.[1] Clark argued that, even assuming the 60-day period for filing liens, the claimants failed to file suit to enforce their claims within one year of the end of the lien period as required by La. R.S. 9:4823. Mohr & Associates, Inc., a lien claimant, objected to the trial court’s subject matter jurisdiction on the basis of the then-pending appeal in the prior suit.[2] Given the involvement of the same facts and legal issues, Judge John Mosely, Jr., agreed and denied the writ at Clark’s cost. Clark’s motion for new trial was denied by Judge Scott Crichton, and Clark appealed.
We note that the provisions of the Private Works Act which provide for “extinguishment” of claims are peremptive, not prescriptive. See Metropolitan Erection Company, Inc. v. Landis Construction Company, Inc., 627 So.2d 144 (La.1993), and Hershell Corporation v. Fireman’s Fund Insurance Company, 98-1352 (La.App. 3d Cir.6/2/99), 743 So.2d 698. Peremption may not be renounced, interrupted, or suspended. La. C.C. art. 3461. Thus, contrary to Mohr’s argument, we do not believe that interruption of prescription is relevant.
Clark’s first suit concerned the validity of the hens filed in the mortgage records pursuant to La. R.S. 9:4822. The lienhold-ers have not filed suit to enforce their claims, nor can Clark’s first suit be interpreted as such an action on their behalf. Since the first suit did not involve a cause of action by the lienholders against Clark, the fact that the case was pending or on appeal did not prevent the lienholders from filing suit to enforce their claims. Consequently, the lienholders have failed to file suit timely under La. R.S. 9:4823.
|sThe judgment of the trial court is reversed. This matter is remanded back to the trial court where consolidation with No. 435,992 may be sought if that case is still pending. Costs in this court are assessed against Clark.
REVERSED AND REMANDED.

. Although the lien claimants were initially named as defendants, Clark later dismissed them without prejudice, leaving only the Cad-do clerk of court as a defendant.

. Mohr’s claims against Clark were dismissed as compromised while the present appeal was pending.