SUSAN M. CHEHARDY, Judge.
 

 |20n appeal, defendants/appellants challenge the trial court’s ruling that an oral contract of sale occurred. For the reasons that follow, we vacate the March 5, 2010 judgment, reinstate the January 15, 2010 judgment, and reverse.
 

 On or about September 13, 2005, in the aftermath of Hurricane Katrina’s devastation of the Gulf Coast, John Lastrapes contacted Anne Neeb through email to discuss purchasing Neeb’s house on Smith Drive in Metairie, Louisiana.
 
 [1]
 
 In an email to Lastrapes dated September 15, 2005, Mrs. Neeb, who was listed as the sole owner of the property, stated that she “planned to list” the property for $415,000.00.
 

 On or about September 30, 2005, Mr. Lastrapes transmitted, via electronic means, a $10,000.00 check payable to David and Anne Neeb for “Deposit on Smith Dr.” This check was posted to Mrs. Neeb’s account on October 7, 2005.
 

 On October 9, 2005, Mr. Neeb transmitted via facsimile an “agreement to sell real estate,” which he had signed as proxy for his wife. That document listed the purchase price as $415,000.00 to be paid by a deposit of $10,000.00 with the ^remainder to be paid at closing. The closing date was not listed in this contract. Further, neither the Lastrapes nor Mrs. Neeb’s signatures appear on that document.
 

 On or about October 16, 2005, the Neebs removed some, but not all, of their possessions from the premises. That same day, the Lastrapes took physical possession of 901 Smith Drive. In the next few days, the Lastrapes had the locks on every exterior door to the house rekeyed and contacted a fence company to repair and/or erect a fence around the home’s swimming pool. Further, at the Lastrapes’ instruction, laborers removed all of the existing exterior landscape plants, except the grass, from the front, side, and rear yards of 901 Smith Drive.
 

 
 *280
 
 On or about November 17, 2005, Mr. Lastrapes telephoned Mrs. Neeb to state that he would not purchase the property at 901 Smith Drive. Thereafter, the Las-trapes quit their occupancy of 901 Smith Drive. Mrs. Neeb further testified that, on Thanksgiving Day, which was November 25, 2005, her family had their holiday meal at 901 Smith Drive. It is undisputed that the Neebs regained full possession of the property in December 2005.
 

 Moreover, the record further reveals that, from 2005 to 2008, Mrs. Neeb claimed the homestead exemption and paid the property taxes for 901 Smith Drive. At trial, Mrs. Neeb testified that she was the record owner of 901 Smith Drive; she admitted that she considered herself to be the owner of the property in August, September, October and November of 2005.
 

 On April 27, 2006, Mrs. Neeb filed a petition in the 24th Judicial District Court, naming John and Rene Lastrapes as defendants, seeking damages incurred |4for her reliance on Mr. Lastrapes’ promise to purchase the Smith Drive property.
 
 [2]
 
 On June 1, 2009, Mrs. Neeb filed her First Amended Petition to assert a claim “under article 1839 of Louisiana Civil Code.”
 

 On December 15, 2009, a bench trial was held. On January 15, 2010, the trial judge rendered judgment in favor of Mrs. Neeb, finding that the parties entered into an oral transfer of the property pursuant to La. C.C. art. 1839. The judgment ordered the Lastrapes to pay damages totaling $405,000.00. Notice of this judgment was mailed on January 26, 2010.
 

 On February 3, 2010, the Lastrapes filed a Motion for New Trial. On March 5, 2010, the trial judge denied the Lastrapes’ Motion for New Trial and issued a separate “Amended Judgment” decreeing that Rene and John Lastrapes were “named as owners of the property located at 901 Smith Drive, Metairie, Louisiana.”
 
 [3]
 
 On March 25, 2010, the Lastrapes filed a Motion for Suspensive Appeal of the denial of their Motion for New Trial and both Judgments.
 

 Jurisdictional Note:
 

 We briefly digress to discuss which Judgment is properly before this Court. On March 5, 2010, the trial judge denied the Lastrapes’ Motion for New Trial. That same day, the trial judge also rendered an “Amended Judgment.” It is well-settled that a judgment, which has been substantively amended without the granting of a new trial, is invalid and not within the purview of [La. C.C.P.] Article 195.
 
 [4]
 

 Internal Revenue Federal Credit
 
 
 *281
 

 Union v. Johnson,
 
 612 So.2d 746, 748-749 (La.App. 4 Cir.1992) (citation omitted). Here, the trial judge denied the motion for new trial then amended the judgment, which makes the judgment a nullity. Accordingly, we vacate the trial court’s judgment of March 5, 2010 and reinstate the original judgment of January 15, 2010.
 
 [5]
 

 On appeal, the Lastrapes sought review of that ruling as well so we will address their assigned errors with regard to the ruling of January 15, 2010. Specifically, the Lastrapes raise seven assignments of error:
 

 (1) the trial court erred in finding that the parties reached an agreement and entered into an oral contract of sale of immovable property; (2) the trial court erred in holding that the evidence satisfied the exception to the legal requirement that a contract of sale of immovable property be in the form of a written agreement; (3) the trial court erred in granting specific performance for the payment of the alleged purchase price without the condition that good, valid and merchantable title and possession of the subject property be delivered by transferor to transferee, free and clear of all alienations and encumbrances; (4) the judgment failed to provide the legal description of the immovable property at issue as mandated by La. C.C.P. art. 1919; (5) the trial court erred in failing to find that John Lastrapes was entitled to return of the earnest money deposit; (6) the trial court erred in rendering judgment against Rene Lastrapes; and (7) the trial court erred in failing to rule on the admissibility of the inspection reports that were reviewed by John Lastrapes in deciding not to enter into a contract to sell.
 

 Appellee, Mrs. Neeb, answers the appeal, seeking legal interest on the damages awarded.
 

 In essence, the Lastrapes’ argue that the trial court erred in finding that “the parties entered into and met all of the requisites of Louisiana Civil Code Article 1839 to satisfy the oral transfer of the property located at 901 Smith Drive, | fiMetairie, Louisiana.” Upon review, we agree that the trial court erred in its finding.
 

 La. C.C. art. 1914 defines nominate contracts as those given a special designation, such as a sale. La. C.C. art. 1916 provides that nominate contracts are subject to special rules of the respective titles when those rules modify, complement, or depart from the rules of conventional obligations or contracts.
 

 La. C.C. art. 2440 states that, “A sale or promise of sale of an immovable must be made by authentic act or by act under private signature, except as provided in Article 1839.” According to La. C.C. art. 1839, “a transfer of immovable property must be made by authentic act or by act under private signature. Nevertheless, an oral transfer is valid between the parties when the property has been actually delivered and the transferor recognizes the transfer when interrogated on oath.”
 

 
 *282
 
 Here, via email on or about September 15, 2005, Mrs. Neeb wrote that she “planned to list” her house for $415,000.00. On September 80, 2005, Mr. Lastrapes wired a “deposit” of $10,000.00 to Mrs. Neeb.
 

 Thereafter, on October 5, 2005, Mr. Neeb signed the agreement to purchase as the agent of the vendor, Mrs. Neeb. However, both Mr. and Mrs. Neeb admitted that she did not execute a valid power of attorney authorizing Mr. Neeb to sign the purchase agreement for her.
 
 [6]
 
 Further, the Lastrapes did not sign the purchase agreement. There was clearly no written agreement between these parties.
 

 Consequently, the trial judge relied on the last sentence of La. C.C. art. 1889, which reads, “Nevertheless, an oral transfer is valid between the parties 17when the property has been actually delivered and the transferor recognizes the transfer when interrogated on oath.”
 

 The term “actual delivery” means that the immovable, which is the object of the verbal sale has, in fact, been transferred or placed into the possession of the buyer. A determination of whether “actual delivery” of an immovable has been made depends on the circumstances of each individual case.
 
 Martin v. Brister,
 
 37,011 (La.App. 2 Cir. 7/23/03), 850 So.2d 1106, 1110 (citing
 
 Duhon v. Dugas,
 
 407 So.2d 1334 (La.App. 3rd Cir.1981)).
 

 Here, even if we found that Mrs. Neeb had made “actual delivery” of 901 Smith Drive to the Lastrapes on October 16, 2005, the circumstances of this case reflect that there was no actual transfer of possession. At trial, both parties agreed that the Lastrapes quit the Smith Drive house before Thanksgiving of that same year and the Neebs regained full possession of the house in December 2005. Furthermore, at trial, Mrs. Neeb admitted that she was currently the record owner of the property and had paid the property taxes as owner in 2005, 2006, 2007, and 2008.
 

 Thus, at trial of her claim, Mrs. Neeb did not prove a condition precedent to her right to enforce the “oral transfer” of property because she admitted that she was the record owner at all times relevant to this litigation and that she possessed the property at the time of trial and all times relevant to this matter except for one month in 2005. Based on the foregoing, we find that the trial judge erred in finding that an “oral transfer” of this property occurred. See
 
 Boyett v. Wingfield,
 
 317 So.2d 235, 238 (La.App. 2d Cir.1975).
 

 Furthermore, a valid contract of sale requires three things: (1) the thing, (2) the price, and (3) the consent of the parties. La. C.C. art. 2439. In the case at bar, there was no evidence that the parties agreed upon, or consented to, a sale. Thus, | seven if we were to find that the parties had agreed upon a price for the Smith property, there was insufficient evidence as to consent, which is an essential element of a contract of sale. La. C.C. art. 2439. For these reasons, we find merit in this assignment of error and reverse the trial court’s ruling.
 

 Because we are reversing the trial judge’s judgment of an oral transfer, we pretermit discussion of the Lastrapes’ re-
 
 *283
 
 maining arguments regarding the transfer, i.e., second, third, fourth, and sixth assignments of error. In their fifth assignment of error, the Lastrapes argue that the trial judge erred in failing to find that Mr. Lastrapes was entitled to the return of his earnest money deposit. We disagree.
 

 Although Mr. Lastrapes alleges in his brief that “the proceedings in First Parish Court were transferred to the 24th Judicial District Court and tried with this matter,” the record before this Court does not support that statement. Although this Court granted Mr. Lastrapes’ motion to supplement the appellate record with the record of the First Parish Court proceeding, neither the record from the 24th Judicial District Court nor the record from First Parish Court contain documentation of the actual transfer of Mr. Lastrapes’ suit to the 24th Judicial District Court.
 

 Thus, we do not agree that Mr. Las-trapes’ suit was “tried” with the matter at hand and, as such, there is no ruling on that matter before this Court. Because this Court reviews “issues submitted to the trial court,” U.R.C.A. Rule 1-3, and this issue is apparently still pending in the lower court and not properly before this Court, La. Const. Art. V, § 10(B), we cannot address this assignment of error.
 

 In their final assignment of error, the Lastrapes argue that the trial judge failed to rule on the admissibility of the inspection reports of the plumbing and the house. Upon review, we note that the record does not reflect that the Lastrapes’ 19attorney proffered the two aforementioned documents once the trial judge disallowed their introduction into evidence at trial.
 

 An appellate court must render its judgment upon the record on appeal. La. C.C.P. art. 2164;
 
 Black v. Anderson,
 
 06-891, p. 6 (La.App. 5 Cir. 3/13/07), 956 So.2d 20, 23,
 
 writ denied,
 
 07-0794 (La.6/1/07), 957 So.2d 180 (Citation omitted). An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence.
 
 White Haute, LLC v. Mayo,
 
 09-955 (La.App. 5 Cir. 3/23/10), 38 So.3d 944, 950. Because there is no evidence to review, we cannot address this assignment of error.
 

 In conclusion, we vacate the “Amended Judgment” of March 5, 2010 and reinstate the judgment of January 15, 2010. Further, we find that the trial judge erred in finding an “oral transfer” of the Smith property from Mrs. Neeb to the Lastrapes and, therefore, reverse the January 15, 2010 judgment in favor of Mrs. Neeb. Furthermore, we decline to address the Las-trapes’ claim for return of their earnest money, which is not before this Court. Finally, because we have reversed the trial court judgment, we deny Mrs. Neeb’s claim for legal interest on the underlying award. Each party of this appeal is to bear its own costs.
 

 AMENDED JUDGMENT VACATED; ORIGINAL JUDGMENT REINSTATED AND REVERSED.
 

 [1]
 

 . The record reflects that Mrs. Neeb is the younger sister of Mr. Lastrapes’ former wife and, thus, his children’s aunt. Reportedly, Mr. Lastrapes’ son alerted him to the possible availability of the property.
 

 [2]
 

 .On January 23, 2006, John Lastrapes filed a lawsuit in First Parish Court for Jefferson Parish seeking the return of his $10,000 deposit on 901 Smith Drive. Although Mr. Las-trapes alleges in his brief that "the proceedings in First Parish Court were transferred to the 24th Judicial District Court and tried with this matter,” the record before this Court does not support that statement. Although this Court granted Mr. Lastrapes’ motion to supplement the appellate record with the record of the First Parish Court proceeding, neither the record from the 24th Judicial District Court nor the record from First Parish Court contain documentation of the actual transfer of Mr. Lastrapes’ suit to the 24th Judicial District Court. Thus, we cannot conclude that Mr. Lastrapes' suit was "tried” with the matter at hand and, as such, that claim is not before this Court. See discussion of Assignment of Error Five,
 
 infra.
 

 [3]
 

 . The Amended Judgment rendered on March 5, 2010 contained the following additional language:
 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendants, Rene Lastrapes and John Lastrapes be and are hereby named as owners of the property located at 901 Smith Drive, Metairie, Louisiana.
 

 [4]
 

 . La. C.C.P. art. 1951, regarding amendment of judgments, provides: "A final judgment may be amended by the trial court at any
 
 *281
 
 time, with or without notice, on its own motion or on motion of any party: (1) To alter the phraseology of the judgment, but not the substance; or (2) To correct errors of calculation.”
 

 [5]
 

 . The record reflects that the Jefferson Parish Clerk of Court mailed notice of the trial judge’s denial of the Lastrapes’ motion for new trial on March 8, 2010. The Lastrapes filed a suspensive appeal on March 25, 2010. Under La. C.C.P. art. 2123, their suspensive appeal was timely because it was filed within thirty days of “the date of the mailing of notice of the court’s refusal to grant a timely application for a new trial.”
 

 [6]
 

 . "When the law prescribes a certain form for an act, a mandate authorizing the act must be in that form.” La. C.C. art. 2993. More specifically, the authority to alienate, acquire, encumber or lease immovable property must be given expressly. La. C.C. art. 2996. "A promise to sell immovable property must be vested with the same formalities as prescribed for sales of immovable property.”
 
 Bradstreet v. Kinchen,
 
 08-0126 (La.App. 4 Cir. 4/1/09), 10 So.3d 331, 337 (quoting
 
 Alley v. New Homes Promotion, Inc.,
 
 247 So.2d 218 (La.App. 4th Cir.1971)).