185 So.2d 851 (1966)
LIBERTY MUTUAL INSURANCE COMPANY et al., Plaintiff-Appellant,
v.
James O. RAMBIN et al., Defendant-Appellee.
No. 10558.
Court of Appeal of Louisiana, Second Circuit.
April 25, 1966.
Mayer & Smith, Shreveport, for appellant, Liberty Mutual Ins. Co. and for appellee, Allstate Ins. Co.
*852 Joel M. Sermons, Shreveport, for appellees, James O. Rambin and minors.
James B. Wells, Bossier City, for appellees, D. B. Martin, et ux.
Ferdinand A. Cashio, Shreveport, for appellees, James O. Rambin and wife, Mrs. Lula Martin Rambin.
Before HARDY, GLADNEY, and AYRES, JJ.
GLADNEY, Judge.
The Liberty Mutual Insurance Company and Allstate Insurance Company filed this action for a declaratory judgment interpreting two separate contracts of insurance issued by them and to determine if either or both of the insurance contracts provided uninsured motorist coverage as of November 10, 1962, the date of an accident in which several persons were injured who have made claims against the two insurers alleging that the policies afforded uninsured motorist insurance coverage effective on the date of the accident. After consideration of the issues submitted upon an agreed statement of facts, the trial court held that the insurance contract as issued by Allstate did not afford uninsured motorist insurance coverage and that there was such coverage under the insurance contract as issued by the Liberty Mutual Insurance Company. Liberty Mutual alone has taken an appeal.
Mrs. Lula Martin Rambin on November 10, 1962 was driving a Chevrolet station wagon which was furnished for use to her husband, James O. Rambin, by Schenley Industries, Inc. The car was being operated by Mrs. Rambin with the full permission and consent of her husband and while being so operated the car was involved in a collision in Bossier Parish with an automobile owned and operated by Alex Gipson, an uninsured motorist. As a result of the accident injuries were sustained by Mrs. Lula M. Rambin, her minor children, Jimmy and Sharon Rambin, D. B. Martin and his wife, Mrs. Ethel M. Martin.
An insurance policy of Liberty Mutual, in which Schenley Industries, Inc. was the insured, was in effect from January 1, 1962 until January 1, 1963. The insurance contract issued by Allstate Insurance Company affected an automobile owned by James O. Rambin and this policy was in effect on November 10, 1962. Both policies were annexed to the stipulation of facts upon which the case was tried.
Allstate contends that under the terms of its policy coverage was extended only as to public liability and property damage and that as originally issued it contained no provisions with respect to uninsured motorist insurance. However, while this policy was in force the 1962 Louisiana Legislature adopted an uninsured motorist act which became effective October 1, 1962. Both of the insurers herein take the position that the act, Act 187 of 1962, had application only to automobile liability insurance policies delivered or issued for delivery on and after October 1, 1962. Counsel for appellees contends Act 187 of 1962 reads into the Allstate Insurance policy uninsured motorist coverage and that this is also true as to the policy as issued by Liberty Mutual.
The record makes it crystal clear that Act 187 of 1962 is without application to the two policies under discussion, both of which were entered into prior to October 1, 1962, the effective date of the act. The provisions of the statute and the interpretations accorded by the Commissioner of Insurance for the state of Louisiana support this finding. Accordingly we pass to a consideration of the sole remaining issue in the case.
Properly stated, the issue is, did the trial court err in its interpretation of the contract of insurance issued by Liberty *853 Mutual to Schenley Industries, Inc., as providing blanket uninsured motorist coverage?
The pertinent provisions of the Liberty Mutual policy which provide or relate to uninsured motorist liability are found only in those parts of the policy contained in endorsements numbered 2, 21, 26 and 30. These provisions, generally speaking, provide that such coverage is extended to an insured automobile as described in the Schedule while being used by or with the permission of the named insured, and is applicable only to certain vehicles as designated in the schedule referred to in the endorsements. Thus by inspection we observe that endorsements numbered 2, 21 and 30 have application to "all New York registered automobiles" as provided in endorsement number 2; and endorsements numbered 21 and 30 provide for such coverage solely for automobiles used in the states of Virginia and Florida, respectively. Thus the restrictive language of endorsements numbered 2, 21 and 30 provide no uninsured motorist coverage for the state of Louisiana. Endorsement numbered 26 contains coverage which appellee earnestly insists has application for automobiles owned by Schenley for use in Louisiana. This endorsement is headed with the following caption:

FAMILY PROTECTION AGAINST UNINSURED MOTORISTS (BODILY INJURY LIABILITY) (SPECIFIED CAR BASIS)
A notation in the lefthand bottom corner of each page of the endorsement, three pages in all, indicates the endorsement is from a California form identified as "1198A (California) (8-1-59)." This endorsement expressly provides that the insurer shall be liable for bodily injuries sustained by the insured caused by an accident arising out of the ownership or use of an uninsured automobile. Appellant does not deny that this endorsement provides such coverage but it is argued that the automobile protected thereby "means an automobile designated in the Schedule," and that the vehicle operated by Mrs. Rambin and involved in the accident was not included within the schedule and therefore must be excluded from any liability by the insurer. On page 3 of this endorsement we find the following part:

 SCHEDULE
Designated Limits of
Automobile Liability
 Each Each
 Person Accident
"See Schedule" $10,000 $20,000

On page 2 of Item 4 of the policy under the caption "Schedule" are listed the states within which Schenley Industries, Inc. operates; also listed along with the states are columns which state the premium rates for bodily injury and property damage as applicable to vehicles used in each state and other information with respect to the premiums. Among the states so listed are California, Florida and New York. Virginia is not listed but Louisiana and many others are.
Counsel for appellant, while conceding that the mere fact that endorsement number 26 may not be sufficient to sustain its contention that this form was intended solely to extend coverage for automobiles to be used in the state of California, argue further that by reference to page 3 of Item 4 of the declaration additional charges were assessed for uninsured motorist coverage against vehicles in California, Florida, Virginia and New York and no such additional assessments were made for vehicles used by Schenley Industries, Inc. in Louisiana; and that therefore these charges indicate that uninsured motorist coverage was intended to apply solely for those states in which extra premium rates were charged. We are referred to page 3 of Item 4 "Coverage U" as reference to these additional charges and the inference drawn therefrom by appellant. The reference is not applicable to Schenley owned vehicles, but only to those owned or operated by *854 Park & Tilford Distillers Corporation and Park & Tilford. There is no authoritative basis for the argument so presented and we find it without merit.
Additionally it was stipulated that the insurance manager of Schenley Industries, Inc. and a representative of Liberty Mutual would testify that Schenley Industries, Inc. had not requested the insurer to provide uninsured motorist coverage for vehicles owned by it except where used in the states of California, Florida, Virginia and New York; and that Liberty Mutual did not intend to provide such coverage for vehicles for use in the state of Louisiana but that the protection afforded under the policy was to be effective only in the states of California, New York, Virginia and Florida.
It must be conceded that such extrinsic evidence is inadmissible herein unless the language of the insurance policy has created doubt as to what the parties intended. In that case the court may resort to extrinsic evidence as an aid in its construction. Gulf Refining Company v. Garrett, 209 La. 674, 25 So.2d 329 (1945).
We find, however, that there is no ambiguity in the policy provisions with respect to insured motorist coverage insofar as it may affect automobiles used by the Schenley Industries, Inc. in the state of Louisiana and the extrinsic evidence so introduced to prove the exclusion of this coverage must be regarded as inadmissible. We hold there is no merit in appellants' contention that the endorsement number 26, simply because it was written upon a California form, was effective only as to vehicles used by the insured in the state of California. There is no such restriction within the endorsement and the reference to "Designated Automobile See Schedule" can have reference only to automobiles used in those states listed on page 2 of Item 4 of the policy which expressly includes vehicles of Schenley Industries, Inc. used within the state of Louisiana.
There is no reversible error in the judgment under review and we hold:
1. That the policy of Allstate Insurance Company did not afford uninsured motorist coverage as to the Rambin automobile insured by it, and,
2. That the policy of the Liberty Mutual Insurance Company did afford uninsured motorist coverage with respect to the Rambin automobile involved in the accident of November 10, 1962.
Accordingly, the judgment is affirmed at appellants' cost.