356 So.2d 96 (1978)
Warren J. DIXON
v.
Ira J. SHOCKLEY et al.
No. 11814.
Court of Appeal of Louisiana, First Circuit.
February 13, 1978.
Writ Refused May 12, 1978.
*97 Dennis R. Whalen, Baton Rouge, of counsel for plaintiff-appellant Warren J. Dixon.
W. Luther Wilson, Baton Rouge, of counsel for defendant-appellee Ira J. Shockley et al.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
BLANCHE, Judge.
Plaintiff, Warren J. Dixon, is appealing the granting of a motion for summary judgment dismissing defendant, The Travelers Indemnity Company, in an "officers and executives" liability suit.
Plaintiff was injured while working for Crawford Enterprises and alleges negligence on the part of his supervisor, Ira J. Shockley, defendant, as the cause of the accident. The Travelers Companies had issued a special business policy for multi-peril coverage which included general liability insurance. Plaintiff claims that Travelers covered Crawford's executive officers because in the policy issued by Travelers to the named insured were, inter alia, Floyd O. Crawford d/b/a Crawford Enterprises and in the general declarations the named insureds were designed as being an individual, a partnership and a corporation.
A pertinent policy provision is:
"C. Persons InsuredEach of the following is an Insured under this insurance to the extent set forth below:
* * * * * *
"(3) if the Named Insured is designated in the GENERAL DECLARATIONS as other than an individual, *98 partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such." (Record, p. 67)
Plaintiff takes the position that the designation of the named insureds as a "corporation," coupled with the above language, casts Shockley in the role of an executive officer who should properly be considered as a named insured despite evidence that Crawford Enterprises is a sole proprietorship. Plaintiff also relies heavily on portions of Part XIV of the Louisiana Insurance Code on "The Insurance Contract," particularly Article 628, which states, in part:
"No agreement in conflict with, modifying or extending the coverage of any contract of insurance shall be valid unless in writing and made a part of the policy. * * *"
Plaintiff further relies on LSA-R.S. 22:655, which states, in part:
"It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons, his or her survivors or heirs, to whom the insured is liable; and that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause, for any legal liability said insured may have as or for a tortfeasor within the terms and limits of said policy. * * *"
The obvious purpose of R.S. 22:655 is to provide liability coverage for the benefit of injured parties where there exists a contract of liability coverage between an insured and an insurance company.
Plaintiff maintains that because the liability provisions of the Travelers policy were issued with the corporation designation that it became a contract for the benefit of third parties and that liability attached and cannot be changed to the detriment of third parties. Travelers introduced evidence to show that Floyd O. Crawford who was doing business as Crawford Enterprises was not incorporated; that Crawford had no intention to contract to cover Shockley as an executive officer; and that the designation of the named insureds as a corporation was a clerical error committed in an insurance office.
In his Written Reasons for Judgment, the trial judge said:
"The deposition [of Floyd Crawford] has now been furnished to the court and shows that Mr. Crawford did not intend to insure anyone but himself and his wife under said policy; that his business was not incorporated; that he was not a corporation and did not know that a small box marked `Corporation' on the policy had a check mark on it until brought to his attention during the course of the deposition." (Record, p. 141)
The trial judge further pointed out that the affidavit of John A. Durrett of Wright & Percy Insurance Agency indicated "that a clerical error was made at Travelers' office" and that the deposition of Crawford and affidavit of Durrett clearly showed "that it was never the intention of the insured or the insurer that any type of corporation coverage be afforded."
We recognize the rule relied upon by the plaintiff which states that between parties to a contract either party is always permitted to correct any error in the instrument purporting to evidence the contract so as to make it express truly and correctly the intention of the parties, provided the rights of third parties have not intervened and there is further mutuality as to the mistake. Reynaud v. Bullock, 195 La. 86, 196 So. 29 (1940), and the cases therein cited. We also recognize that parol or extrinsic evidence would be inadmissible to show the extent of coverage intended by the parties unless the language of the policy created doubt as to what the parties intended. Liberty Mutual Insurance Company v. Rambin, 185 So.2d 851 (La.App. 2nd Cir. 1966). However, these legal precepts are of no moment to plaintiff unless he can show that some rights accrued to him under the insurance contract as written, whether it had been confected by mistake or otherwise. *99 We find that no such right accrued so as to enable him to recover from Shockley as an executive officer.
We have quoted the salient part of the insurance policy which states, in effect, that only if there is a corporation is there any coverage for "any executive officer, director or stockholder thereof while acting within the scope of his duties." The record is clear that Crawford was not a corporation, and in the absence of a corporate entity, it would have been impossible for Shockley to have been an executive officer thereof. Thus, the impossibility of coverage under the written terms of the policy prevents the accrual of any right in plaintiff, and we are unable to let him profit by virtue of the alleged mistake or clerical error. We are further convinced that a clerical error does not, ipso facto, create a corporation.
With regard to the subject of impossibility, we refer to LSA-C.C. art. 2031, which provides:
"Every condition of a thing impossible, or contra bonos mores (repugnant to moral conduct) or prohibited by law, is null, and renders void the agreement which depends on it."
In "Impossible Conditions in Roman and Modern Law: A Summary Review," 16 Tul. L.Rev. 439 (1942), Dr. Denis A. Cooper writes:
"It may be stated as a primary rule of the civil law governing contracts that any obligation entered into upon an illegal, impossible, immoral or unintelligible condition is void. * * *"
He supports his statement with this impressive footnote:
"`Every condition of an impossible thing or something contrary to good morals or prohibited by law is void and renders invalid the agreement which depends on it.' Art. 1172, French Civil Code. Similar provisions are found in Art. 564, Argentine Civil Code; Art. 763 Civil Code Bolivia; Art. 678, Civil Code of Costa Rica; Art. 1116, Civil Code of Cuba; Art. 1172, Civil Code of Dominican Republic; Art. 962, Civil Code of Haiti; Art. 1378, Civil Code of Honduras; Art. 1943, Civil Code of Mexico. As to other civil codes, see Pound, op. cit. supra note 1, at p. 55 et seq.; Pound, Legacies on Impossible or Illegal Conditions Precedent, 3 Ill.L.Rev. 1, 11 (1908)."
We must conclude, therefore, that insofar as this case is concerned the provisions of the last paragraph of Section 655 of the Louisiana Insurance Code are not applicable to the Travelers Insurance policy.
For the reasons given, we affirm the judgment of the trial court, with costs to be paid by the plaintiff-appellant.
AFFIRMED.