569 So.2d 1001 (1990)
Theresa WHITE, Glenda White Leonard and Athena White
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS OFFICE OF MOTOR VEHICLES and Andrew Jackson Casualty Insurance Company.
No. CA 89 1457.
Court of Appeal of Louisiana, First Circuit.
September 27, 1990.
*1002 Harold J. Lamy, New Orleans, for plaintiffs-appellants, Theresa White, et al.
Henry G. Terhoeve, Baton Rouge, for defendant-appellee Andrew Jackson Cas. Ins. Co.
Before COVINGTON, C.J., and LANIER and ALFORD, JJ.
PER CURIAM.
The issue raised on appeal is whether or not the trial court erred by granting an exception of no cause of action brought by defendant, Andrew Jackson Casualty Insurance Company (Andrew Jackson), and dismissing it from the lawsuit.
This lawsuit arises out of an automobile accident in which Theresa White was injured while riding as a guest passenger in a vehicle driven by Edward T. O'Connor. Plaintiffs sued the State of Louisiana for alleged negligence in issuing a driver's license to Mr. O'Connor. Plaintiffs sued Andrew Jackson in two capacities, as the automobile insurer of Mr. O'Connor and for alleged negligence in issuing an automobile insurance policy to Mr. O'Connor. Andrew Jackson filed a peremptory exception arguing that, as to the negligent issuing of an insurance policy, plaintiffs had no cause of action. The trial court granted the exception.[1] Plaintiffs appeal that judgment.
The peremptory exception of no cause of action questions whether or not the law affords any remedy to the plaintiff under the allegations of the petition. If a remedy is provided, the exception must be overruled. The exception is triable solely on the face of the petition and any attached documents. No evidence may be introduced in support of the exception. La.C. C.P. art. 931. All well-pleaded facts are accepted as true, and any doubts are resolved in favor of the sufficiency of the petition. Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212 (La.App. 1st Cir.1977).
*1003 The petition makes the following allegations with respect to Andrew Jackson:
11.
Edward T. O'Connor applied to Sunshine Insurance Agency, 991 Mahlon E. Village, DeRidder, Louisiana 70634 for an automobile insurance policy. On information and belief it is averred that Sunshine Insurance Agency and Imperial Lloyds Insurnace (sic) Company refused to issue a motor vehicle liability insurance policy to Edward T. O'Connor because he was an uninsurable risk due to his disability. Thereafter, Edward T. O'Connor applied to Andrew Jackson Casualty Insurance Company through its duly authorized agent, Beauregard Insurance Agency, a Division of Mid South Insurance (sic) Agency, Inc. Despite receiving a report from Dr. Russell W. Robert, Krooss Family Medical Clinic, 901 S. Pine Street, DeRidder, Louisiana certifying that Edward T. O'Connor suffered from a stroke which has left him with a right hemiplegia with weakness in the rightleg (sic) and minimal usuage (sic) of the right arm, Andrew Jackson Casualty Insurance Company issued an insurance policy to Edward T. O'Connor, policy number AJP0000505 effective for policy period 1/11/88 to 7/11/88, providing for limits of $10,000/$20,000 BI, and $10,000 PD.
. . . . .
14.
It is averred that the above and foregoing accident was caused or contributed to by the negligence of the defendant, Andrew Jackson Casaualty (sic) Insurance Company jointly and in solido including the following:
1. By issuing a motor vehicle automobile liability policy to Edward T. O'Connor while knowing that he suffered from a paralysis on the right side described as right hemiplegia which rendered the use of his right arm and right leg almost totally useless. This disability which defendant, Andrew Jackson Casualty Insurance Company knew or should have known, rendered Edward T. O'Connor a noninsurable risk. By issuing an insurance policy to Edward T. O'Connor he was able to obtain an automobile license title and plates to operate a motor vehicle in the State of Louisiana.
La. Civil Code art. 2315 provides in relevant part:
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
Within the contemplation of article 2315, fault is the breach of a duty owed by one party to another. United States Fidelity and Guaranty Company v. State, Department of Highways, 339 So.2d 780 (La. 1976). Whether or not a legal duty is owed by one party to another depends on the facts and circumstances of the case and the relationship of the parties. Straley v. Calongne Drayage & Storage, Inc., 346 So.2d 171 (La.1977).
Therefore, the issue presented in the instant case is whether or not there is a duty owed to the public by an insurance company to insure only persons who are physically capable of driving safely. Appellant argues that the insurance industry, as a specially regulated industry and a "quasi public institution", has a duty to the public not to insure an incapable driver. We find no merit to this argument.
It has long been the recognized public policy of this state that a policy of liability insurance is issued for the protection of the general public as well as for the security of the insured. Hughes v. Southeastern Fidelity Ins. Co., 340 So.2d 293 (La.1976); West v. Monroe Bakery, 217 La. 189, 46 So.2d 122 (1950). The Louisiana Civil Code provides in articles 1978 and 1980 that a person may, in his own name, make some advantage for a third person the condition or consideration of a contract, and the contract cannot be revoked if the third person consents to avail himself of the advantage stipulated in his favor. A liability insurance contract is recognized as a stipulation by the insured in favor of a party injured due to the fault of the insured. Dixon v. Shockley, 356 So.2d 96 (La.App. 1st Cir.), writ denied, 358 So.2d 642 (La.1978).
*1004 We, however, decline to extend this policy to say that an insurance agency owes a duty to the public to insure only persons who are physically able to drive safely. Cf. Bustamante v. State Farm Mutual Automobile Ins. Co., 517 So.2d 232 (La.App. 1st Cir.1987), writ denied, 518 So.2d 510 (La.1988); LeBouef v. Colony Ins. Co., 486 So.2d 760 (La.App. 1st Cir. 1986); Campbell v. Continental-Emsco Co., 445 So.2d 70 (La.App. 2d Cir.), writ denied, 446 So.2d 1223 (La.1984). We conclude that plaintiffs cannot recover against Andrew Jackson pursuant to a tort theory in the manner alleged in their petition. We further conclude that the petition cannot be amended to state a cause of action. Pursuant to Louisiana Code of Civil Procedure article 934, if the grounds of the objection cannot be removed by amendment, the action shall be dismissed. See Johnfroe v. Children's Hosp., 537 So.2d 383 (La.App. 4th Cir.1988). Therefore, the trial court properly sustained the objection of no cause of action and dismissed plaintiffs' tort action against Andrew Jackson.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellants.
AFFIRMED.
LANIER, J., concurs in the result.
NOTES
[1] When a petition states two causes of action, an objection of no cause of action may be sustained as to one cause of action and overruled as to the other. McGowan v. Ramey, 484 So.2d 785 (La.App. 1st Cir.1986).