THERIOT, J.
12This appeal is from a trial court judgment sustaining an exception of no cause of action and dismissing the appellant’s petition for interdiction, without allowing the appellant an opportunity to amend his petition to state a cause of action. For the reasons that follow, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
Charles Coulon filed a petition for interdiction on January 20, 2012, seeking to have his eighty-eight-year-old-mother, Lorena Coulon, interdicted. Mr. Coulon alleged that Ms. Coulon’s husband and parents are deceased, and she has two adult children, himself and his brother, Frederick Coulon (with whom she lives). Mr. Coulon further alleged that Ms. Coul-on has no legal representative and has not designated a curator in writing. Mr. Coul-on alleged that Ms. Coulon suffers from Alzheimer’s disease, which has rendered her unable to care for her person or property, making a full interdiction necessary. In addition to asking the court to grant a full interdiction of his mother, Mr. Coulon asked the court to relocate Ms. Coulon to his home and to appoint him as curator to provide for his mother’s care and manage her income and assets.
Ms. Coulon filed a peremptory exception of no cause of action, in which she points out that she has designated a legal representative by the execution of a “power of attorney” on June 11, 2011, and that the petition for interdiction does not allege that Ms. Coulon’s interests could not be adequately protected by less-restrictive means than a full interdiction, e.g., the power of attorney.
After a hearing, the trial court sustained the exception of no cause of action because the petition for interdiction did not allege that Ms. Coulon’s interests were not currently being protected. The court declined to allow Mr. |sCoulon the opportunity to amend his petition to state a cause of action, stating that it did not believe the law provided for an opportunity to amend to state a cause of action, and dismissed the suit. This appeal by Mr. Coulon followed.
DISCUSSION
A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiffs right to judicially assert the action against the defendant. The function of the peremptory exception of no cause of action is to test the legal sufficien *690 cy of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert an exception of no cause of action. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Ramey v. DeCaire, 2003-1299 (La.3/19/04), 869 So.2d 114, 118. Therefore, exceptions of no cause of action present legal questions and are reviewed under the de novo standard of review. Southeastern Louisiana v. Cook, 2012-0021 (La.App. 1 Cir. 9/21/12), 104 So.3d 124, 128.
Where the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or where the plaintiff fails to comply with the court’s order to amend, the action shall be dismissed. La. C.C.P. art. 934.
|4A court may order the full interdiction of a person who, due to an infirmity, is consistently unable to make reasoned decisions regarding the care of his person and property, or to communicate those decisions, and whose interests cannot be protected by less restrictive means. La. C.C. art. 389. To the extent known to the petitioner, the petition for interdiction shall set forth the following with particularity:
(1) The name, domicile, age, and current address of the petitioner and his relationship to the defendant.
(2) The name, domicile, age, and current address of the defendant and the place the petitioner proposes the defendant will reside if the relief sought in the petition is awarded.
(3) The reasons why interdiction is necessary, including a brief description of the nature and extent of the alleged infirmities of the defendant.
(4) If full interdiction is requested, the reasons why limited interdiction is inappropriate.
(5) If limited interdiction is requested, the capacity sought to be removed from the limited interdict, and the powers sought to be conferred upon the limited curator.
(6) The name and address of the spouse of the defendant.
(7) The name and address of the adult children of the defendant or, if he has none, of his parents and siblings or, if he has none, of his nearest adult relative.
(8) The name and address of any legal i'epresentative of the defendant.
(9) The name and address of any person previously designated as curator by the defendant in a writing signed by the defendant.
(10) The name, domicile, age, education, and current address of the proposed curator, and the reasons why the proposed curator should be appointed.
La. C.C.P. art. 4541. The petitioner in an interdiction proceeding bears the burden of proof by clear and convincing evidence. La. C.C.P. art. 4548.
Although Mr. Coulon’s petition alleges that Ms. Coulon has Alzheimer’s disease, that she is unable to care for her person or property, Rand that limited interdiction is not appropriate, these allegations are not sufficient to set forth a cause of action for . full interdiction. As pointed out by the trial court, Mr. Coulon failed to allege that his mother’s interests are not currently being fully protected; ie., that her interests could not be protected by less-restrictive means. Nevertheless, it *691 does not appear that the grounds for this objection cannot be removed by amendment of the petition. Therefore, the trial court should have allowed Mr. Coulon an opportunity to amend his petition to set forth a cause of action. Accordingly, we reverse the judgment of the trial court dismissing Mr. Coulon’s petition for interdiction and remand this matter so that Mr. Coulon may amend his petition within the delay allowed by the trial court.
DECREE
The judgment of the trial court is affirmed insofar as it sustains the peremptory exception raising the objection of no cause of action and reversed to the extent it dismisses Mr. Coulon’s petition without allowing him an opportunity to amend to state a cause of action. This matter is remanded with instructions for the trial court to set a delay for amendment of the petition. If Mr. Coulon fails to amend his petition as instructed, his petition shall be dismissed by the trial court. Costs of this appeal are to be borne by appellant, Charles Coulon.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.