# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2019 CA 0403

## LANDCO CONSTRUCTION, LLC

### VERSUS

## PRECISION CONSTRUCTION & MAINTENANCE, LLC, MAPP CONSTRUCTION, AND KRISHMAN, LLC

Judgment Rendered: ___NOV 1 5 2019___

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number 652004

Honorable Timothy E. Kelley, Judge Presiding

\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Kim Segura Landry<br>Ronnie J. Berthelot<br>Gonzales, LA | Counsel for Plaintiff/Appellant<br>Landco Construction, LLC |
| R. Gray Sexton<br>Jodi Bauer Loup<br>Blane A. Wilson<br>Baton Rouge, LA | Counsel for Defendant/Appellee<br>MAPP Construction, LLC |

\*\*\*\*\*\*\*\*\*\*\*\*\*

BEFORE: WHIPPLE, C.J., GUIDRY, AND CRAIN, JJ.

**WHIPPLE, C.J.**

Landco Construction, LLC (Landco) appeals a judgment sustaining the peremptory exception raising the objections of prescription and no cause of action filed by MAPP Construction, LLC (MAPP) and dismissing Landco's claims against MAPP with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On October 10, 2016, Landco filed a petition for damages for breach of contract and unjust enrichment, naming as defendants MAPP, Precision Construction & Maintenance, LLC (Precision) and Kirshman, LLC (Kirshman). According to the allegations of the petition, Kirshman owned property on Siegen Lane, in Baton Rouge, on which it planned to construct a CarMax Center (the project). Kirshman hired MAPP to be the contractor on the project. MAPP then entered into a contract with Precision to complete certain work needed to fulfill MAPP's contractual obligations, and in turn, Precision entered into a contract with Landco for performance of those obligations, with MAPP's consent. Landco further alleged in its petition that the work it performed on the project consisted of cutting lime and soil cement, amounting to $40,383.00 in costs, which it was never paid. Landco alleged that MAPP, Precision, and Kirshman were solidarily liable for this obligation and that MAPP had failed to pay Precision or Landco for work done on the project, even though MAPP had been paid by Kirshman for this work. Landco asserted that MAPP was also liable to pay it for all amounts in which MAPP was unjustly enriched by failing to pay Landco for work performed that benefitted MAPP and for which MAPP was paid.

In response to Landco's petition, MAPP filed the peremptory exceptions of no cause of action and prescription. Therein, MAPP contended that Landco had failed to state a cause of action against MAPP for breach of contract as it was evident that no contractual relationship existed between the two. MAPP further

2

contended that Landco had failed to effectively plead a claim based on unjust enrichment. MAPP argued that because Landco had two remedies available to it for nonpayment, which included a breach of contract claim against Precision, and a Private Works Act claim against MAPP, a claim for unjust enrichment was not available. Finally, MAPP contended that any claim Landco may have had against MAPP under the Private Works Act was prescribed. Thus, MAPP sought the dismissal of Landco's claims against it with prejudice.

After a hearing, the trial court sustained both exceptions and dismissed Landco's claims against MAPP with prejudice; a written judgment was signed thereafter on April 25, 2017. Landco appealed that judgment. This court affirmed the trial court's ruling sustaining the exception of no cause of action, vacated the trial court's ruling sustaining the exception of prescription and dismissing Landco's claims against MAPP, and remanded the matter to the trial court to afford Landco the opportunity to amend its petition to state a cause of action. See Landco Construction, LLC v. Precision Construction and Maintenance, LLC, 2017-1060 (La. App. 1st Cir. 2/21/18), 2018 WL 1007343 (unpublished).

On March 22, 2018, Landco filed its first supplemental and amended petition. In this petition, Landco set forth its claim under the Private Works Act by specifically alleging: (1) that MAPP entered into a contract with Kirshman to build the CarMax Center on Siegen Lane, which Notice of Contract was recorded on October 7, 2010 with the Recorder and Clerk for the Parish of East Baton Rouge; (2) that MAPP entered into a contract with Precision to complete certain work needed to fulfill MAPP's contractual obligations; and (3) that in turn, Precision entered into a contract with Landco for performance of those obligations, with MAPP's consent. The amended petition further reasserted that Landco was never paid for the services it provided on the project, in the amount of $40,383.00, and that MAPP, Precision, and Kirshman were solidarily liable for this obligation.

3

Landco alleged that on March 24, 2011, it sent a statement of claim under the Private Works Act by certified mail to Precision, MAPP, and Kirshman, and that on May 24, 2011, Landco recorded a lien with the Recorder and Clerk for the Parish of East Baton Rouge. Landco also asserted that MAPP, as the general contractor, failed to pay the amounts due to Landco for the work performed, even though MAPP received money for the work provided by Landco. Landco further alleged that MAPP owed Landco attorney's fees, costs, and penalties in conjunction with the Private Works Act.

On June 13, 2018, MAPP once again filed exceptions of no cause of action and prescription. Although MAPP argued that Landco had not stated a cause of action for breach of contract, unjust enrichment, or stipulation pour autrui, it made no mention of whether Landco stated a cause of action under the Private Works Act. As for its exception of prescription, MAPP focused on Landco's Private Works Act claim, asserting that Landco's claim had prescribed because the lien recorded by Landco lacked a proper legal description of the property, thereby making it invalid, and Landco had never filed a valid lien within the time limit provided by statute to preserve its claim. MAPP further contended that even if the lien had been perfected, Landco only had one year from that filing date to file suit, which time had long since lapsed. Therefore, MAPP once again prayed that Landco's claims against it be dismissed with prejudice. In support of its exceptions, MAPP attached the lien that Landco recorded.

Landco opposed MAPP's exceptions, contending that it had removed all claims of breach of contract and unjust enrichment from its amended petition, and that therefore, any arguments regarding those claims were moot. Landco further argued that it had clearly alleged a cause of action for a stipulation pour autrui in its amended petition, which defeated the exception of no cause of action.

As for the exception of prescription, while Landco conceded that the statement of claim it recorded was invalid, Landco argued that it was enough to give notice to MAPP of its obligation to pay Landco and to preserve Landco's claim under a different section of the Private Works Act. Additionally, Landco contended that as MAPP never filed a notice of termination of work, as required by statute, Landco's time delays to file its lien and suit never began to run, thus, Landco's claims were not prescribed. In support of its argument, Landco attached the notice of nonpayment it sent by certified mail on March 24, 2011, to Precision, MAPP, and Kirshman, which set out the specific work Landco performed on the project, the municipal address of the project, the value of the services provided, and the fact that it was not paid, along with the invoice for the project.

MAPP filed a reply memorandum, asserting that Landco's amended petition was devoid of any allegations of fact sufficient to support a cause of action arising under a stipulation pour autrui, as there was no allegation of MAPP entering into a stipulation in Landco's favor.

Addressing the exception of prescription, MAPP argued that the certificate of substantial completion that it filed into the mortgage records equated to a notice of termination as it included all of the requirements necessary of such notice, as outlined in LSA-R.S. 9:4822(E). A copy of the certificate of substantial completion that was recorded on March 16, 2011 was attached by MAPP to this memorandum.

A hearing was held on the exceptions on September 24, 2018, during which all of the evidence attached to the memoranda was filed into the record. After the parties concluded their arguments, the trial court orally ruled, finding that the filing of the certificate of substantial completion satisfactorily met the requirements of a notice of termination under the Private Works Act, and that, accordingly, Landco's Private Works Act claim was prescribed. The exception of prescription was

5

granted, and Landco's claim against MAPP was dismissed with prejudice. A written judgment was signed by the court on November 28, 2018, reflecting its oral ruling sustaining the exception of prescription. The written judgment further provided that MAPP's exception of no cause of action was also granted "with respect to all other claims asserted by Landco..." From this judgment, Landco appeals.

## PRESCRIPTION AND PEREMPTION

The rules that govern the burden of proof as to prescription likewise govern peremption. Rando v. Anco Insulations Inc., 2008-1163 (La. 5/22/09), 16 So. 3d 1065, 1082. As such, the party who raises an exception of prescription or peremption ordinarily bears the burden of proof at trial on the exception. Id. However, when prescription or peremption is evident on the face of the petition, the burden is on the plaintiff to prove that his action is not prescribed or perempted. Id. When a peremptory exception is pleaded prior to trial, the parties may introduce evidence to support or controvert the objection pleaded, when the grounds thereof do not appear from the petition. See LSA-C.C.P. art. 931. When evidence is introduced, the trial court's factual conclusions are reviewed under the manifest error-clearly wrong standard. Rando, 16 So. 3d at 1082.

In these assignments of error, Landco challenges the trial court's finding that the certificate of substantial completion filed in this matter on March 16, 2011, satisfied the requirements of LSA-R.S. 9:4822(A) and (E) of the Private Works Act, and triggered the tolling of prescription on Landco's claim.

The Private Works Act, LSA-R.S. 9:4801 et seq.,[1] was enacted to facilitate construction of improvements on immovable property and does so by granting to

---

[1] We note that the legislature recently amended the Private Works Act as provided in 2019 Act 325, but these changes do "not affect an action, case, or proceeding commenced before January 1, 2020." See LSA-Acts 2019, No. 325, § 20. Therefore, in this opinion, we have conducted our review under the version of the Act as it existed prior to this amendment.

subcontractors, among others, the right to facilitate recovery of the costs of their work from the owner or contractor with whom they lack privity of contract. Ted Hebert, LLC v. Infiniedge Software, Inc., 2013-2052 (La. App. 1st Cir. 9/19/14), 2014 WL 4669188, *3 (unpublished). The Act provides the subcontractor with a claim against the owner or contractor to secure payment of the price of their work. LSA-R.S. 9:4802(A).

Louisiana Revised Statute 9:4823(A) provides that a claim against the contractor provided by LSA-R.S 9:4802 is extinguished if: "(1) [t]he claimant or holder of the privilege does not preserve it as required by [LSA-]R.S. 9:4822." Louisiana Revised Statute 9:4822 provides for two separate delay periods. Depending on whether the notice of contract between the owner and general contractor was properly filed, after the filing of a notice of termination of work, an unpaid subcontractor has thirty days under LSA-R.S. 9:4822(A), or sixty days under LSA-R.S. 9:4822(C), to file his statement of claim and privilege. The failure to timely file a statement of claim results in the extinguishment of the claim and privilege under LSA-R.S. 9:4823(A). Nevertheless, LSA-R.S. 9:4823(B) provides:

> A claim against a contractor granted by [LSA-]R.S. 9:4802 is not extinguished by the failure to file a statement of claim or privilege as required by [LSA-]R.S. 9:4822 if a statement of the claim or privilege is delivered to the contractor within the period allowed for its filing by [LSA-]R.S. 9:4822. The failure to file an action against the owner as required by [LSA-]R.S. 9:4823(A)(2) shall not extinguish a claim against a contractor if an action for the enforcement of the claim is instituted against the contractor or his surety within one year after the expiration of the time given by [LSA-]R.S. 9:4822 for filing the statement of claim or privilege to preserve it.

Thus, pursuant to LSA-R.S. 9:4823(B), a claimant potentially has one year plus the corresponding time delay found in LSA-R.S. 9:4822 in which to file suit against a contractor. In the instant case, because a notice of contract was filed, the

thirty-day time delay, beginning with the filing of a notice of termination of the work, provided in LSA-R.S. 9:4822(A), is applicable.

Louisiana Revised Statute 9:4822(E) provides that a notice of termination of the work:

> (1) Shall reasonably identify the immovable upon which the work was performed and the work to which it relates. If the work is evidenced by notice of a contract, reference to the notice of contract as filed or recorded, together with the names of the parties to the contract, shall be deemed adequate identification of the immovable and work.
>
> (2) Shall be signed by the owner or his representative, who contracted with the contractor, or, if the owner has conveyed the immovable, then it may also be signed by the new owner, or his representative.
>
> (3) Shall certify that:
>
>> (a) The work has been substantially completed; or
>>
>> (b) The work has been abandoned by the owner; or
>>
>> (c) A contractor is in default under the terms of the contract.
>
> (4) Shall be conclusive of the matters certified if it is made in good faith by the owner, his representative, or his successor.

According to Comment (d), "[t]his Section adopts the term 'notice of termination' for the notice to be filed rather than notice of acceptance or notice of completion, as being *more nearly descriptive of its function*." (Emphasis added).

Given the special nature of the right provided in this statute, it must be strictly construed against those to whom it is accorded (subcontractors), and there must be strict compliance with the requirements of the Private Works Act. Metropolitan Erection Company, Inc. v. Landis Construction Company, Inc., 627 So. 2d 144, 148 (La. 1993). As the Louisiana Supreme Court further explained:

> The Legislature, in adopting the Act, granted a special right in favor of specified claimants, but limited the time for enforcing that right in the manner prescribed in the Act, after which the right becomes extinguished and passes out of existence. The Legislature clearly intended to extinguish in short order the special rights of those claimants who did not file their privileges and their actions within the specified time limitations. The Act thus balances the private interest in asserting claims against the public interest in limiting special rights.

8

Id. at 148. Because the Act provides for the extinguishment of rights if not properly preserved through timely lien or suit, this period is peremptive. See LSA-C.C. art. 3458; Metropolitan Erection Company, 627 So. 2d at 148; Lagniappe Construction Company v. Montecino, 525 So. 2d 693, 694 (La. App. 1st Cir. 1988).

With this in mind, we turn to the parties' arguments. Landco asserts that a document entitled "certificate of substantial completion," despite its contents, could never satisfy the requirements found in LSA-R.S. 9:4822(E) for a "notice of termination of the work." MAPP counters that the title of the document is not important, as long as the contents of the document fulfill the requirements of the Act.

Although this specific issue does not appear to have been previously addressed by the courts, we are inclined to agree with MAPP. A review of the jurisprudence discussing the Private Works Act demonstrates the acceptance and treatment of a certificate of substantial completion as a notice of termination of work, so long as the requirements enumerated in LSA-R.S. 9:4822(E) are met. See Clark Construction Company, Inc. v. Warren, 33,223 (La. App. 2nd Cir. 5/15/00), 760 So. 2d 677, 678, 681 (wherein the court noted that a "certificate of substantial completion" was filed, and used that date as the notice of termination of the work filing date in order to determine the peremptive period for a claimant to file a statement of claim); Byron Montz, Inc. v. Conco Construction, Inc., 2002-0195 (La. App. 4th Cir. 7/24/02), 824 So. 2d 498, 500, 503 (wherein the court noted that the certificate of substantial completion was filed on March 14, 2000, which it declared to be the date of the filing of the notice of termination of work); and Metropolitan Erection Company, 627 So. 2d at 145 (wherein the Louisiana Supreme Court noted that a notice of termination of work had been filed on June 20, 1984, which had been described by the lower court as a certificate of

9

substantial completion, see Metropolitan Erection Company, Inc. v. Landis Construction Company, Inc., 613 So. 2d 1147, 1149 (La. App. 5th Cir. 1993)). Moreover, the Act itself appears to use the two notice titles interchangeably. See LSA-R.S. 9:4822(F), and comment (f) thereto.

Applying these precepts, we conclude that as long as the certificate of substantial completion that was filed on March 16, 2011 fulfilled the statutory requirements, it is sufficient to trigger the running of the peremptive time period on Landco's claim. The certificate of substantial completion that was filed into the record in this case contained a legal description as well as what appears to be reference to the notice of contract previously filed, which satisfies the first requirement of LSA-R.S. 9:4822(E). The certificate is signed by MAPP, the owner of the property, as well as the architect, satisfying the second requirement. Lastly, the certificate states that the "[w]ork performed under this [c]ontract has been reviewed and found to the Architect's best knowledge, information and belief, to be substantially complete," which satisfies the third requirement that the notice shall certify that the work has been substantially completed. Because we find this certificate satisfies all of the requirements of a notice of termination of the work, it triggered Landco's time to preserve its claim, such that Landco had thirty days from the date of filing within which to either file a valid statement of claim or lien, LSA-R.S. 9:4822(A); or to deliver a statement of its claim or privilege to the contractor within that same thirty-day period, which it arguably did on March 24, 2011. Landco then had one year, from the thirty-day time period, within which to institute an action against MAPP for payment. The record reflects that Landco failed to institute such an action until March 22, 2018, well beyond the one-year peremptive period. Therefore, we find that Landco's claim against MAPP under the Private Works Act is perempted.

## NO CAUSE OF ACTION

The peremptory exception raising the objection of no cause of action questions whether or not the law affords any remedy to the plaintiff under the allegations of the petition. White v. State, Department of Public Safety and Corrections Office of Motor Vehicles, 569 So. 2d 1001, 1002 (La. App. 1st Cir. 1990) (per curiam). If a remedy is provided, the objection must be overruled. Id. The exception is triable solely on the face of the petition and any attached documents. See LSA-C.C.P. art. 931. All well-pleaded facts are accepted as true, and any doubts are resolved in favor of the sufficiency of the petition. White, 569 So. 2d at 1002. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. In re Interdiction of Coulon, 2012-1429 (La. App. 1st Cir. 3/22/13), 116 So. 3d 688, 690.

We note that following the previous ruling from this court, Landco removed its allegations in support of its breach of contract claim and unjust enrichment claims. However, there was argument set forth by the parties as to whether the supplemental and amended petition contained a claim for stipulation pour autrui, in addition to the claims under the Private Works Act.[2]

Louisiana Civil Code article 1978 provides "[a] contracting party may stipulate a benefit for a third person called a third party beneficiary." Under Louisiana law, such a contract for the benefit of a third party is commonly referred to as a "stipulation pour autrui." The stipulation gives the third party beneficiary or the stipulator, for the benefit of the third party, the right to demand performance from the promisor. LSA-C.C. art. 1981. A stipulation pour autrui is never

---

[2]Essentially, Landco asserted the theory of stipulation pour autrui in pleadings subsequent to the petition and at the hearing on the matter. See also Pearl River Basin Land & Development Company, L.L.C. v. State ex rel. Governor's Office of Homeland Security and Emergency Preparedness, 2009-0084 (La. App. 1st Cir. 10/27/09), 29 So. 3d 589, 593 (where the court noted that the petition should not be dismissed merely because plaintiff's allegations do not support the legal theory he intends to proceed on, since the court is under a duty to examine the petition to determine if the allegations provide for relief or any possible theory).

presumed. Rather, the intent of the contracting parties to stipulate a benefit in favor of a third party must be made manifestly clear. Paul v. Louisiana State Employees' Group Benefit Program, 99-0897 (La. App. 1st Cir. 5/12/00), 762 So. 2d 136, 140. Additionally, to establish a stipulation pour autrui, the third party relationship must form the consideration for a condition of the contract, and the benefit may not be merely incidental to the contract. Id.

In Joseph v. Hospital Service Dist. No. 2 of Parish of St. Mary, 2005-2364 (La. 10/15/06), 939 So. 2d 1206, 1212, the Louisiana Supreme Court reviewed the jurisprudence and found that there are three criteria for determining whether contracting parties have provided a benefit for a third party: 1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee. The court emphasized that the most basic requirement of a stipulation pour autrui is that the contract manifest a clear intention to benefit the third party; absent such a clear manifestation, a party claiming to be a third party beneficiary cannot meet his burden of proof. Id.

Accepting all of the allegations set out in Landco's supplemental and amended petition as true, we find that Landco failed to state a cause of action for stipulation pour autrui, as it lacks allegations that any contract MAPP entered into manifested a clear intention to benefit Landco. Therefore, to the extent Landco intended to plead this cause of action, the trial court properly found that it failed.

**CONCLUSION**

For the above and foregoing reasons, the November 28, 2018 judgment of the trial court granting MAPP Construction, LLC's exceptions of prescription and no cause of action and dismissing with prejudice Landco's claims against MAPP,

is hereby affirmed. Costs of this appeal are assessed against plaintiff/appellant, Landco Construction, LLC.

**AFFIRMED**