# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

\* \* \* \* \* \* \*

## 2024 CA 0588

## EUGENE MOORE

## VERSUS

## LOUISIANA ATTORNEY'S GENERAL'S OFFICE, LOUISIANA STATE POLICE, LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, CALCASIEU PARISH DISTRICT ATTORNEY'S OFFICE, LAKE CHARLES CITY POLICE DEPARTMENT, CALCASIEU PARISH SHERIFF'S OFFICE

JUDGMENT RENDERED: _____ **MAR 2 1 2025** _____

\* \* \* \* \* \* \*

Appealed from the Nineteenth Judicial District Court
Parish of East Baton Rouge • State of Louisiana
Docket Number C731336

The Honorable Ronald R. Johnson, Presiding

\* \* \* \* \* \* \*

| | |
|---|---|
| Eugene Henry Moore<br>Lake Charles, LA | Counsel for Plaintiff/Appellant<br>In Proper Person |
| Erica S. McLellan<br>Krista LaFont<br>Baton Rouge, LA | Counsel for Defendant/Appellee<br>Louisiana Attorney General's Office |
| Steven C. Dwight<br>David S. Pipes<br>Lake Charles, LA | Counsel for Defendant/Appellee<br>Calcasieu Parish District Attorney's<br>Office |

\* \* \* \* \* \* \*

## BEFORE: PENZATO, STROMBERG, AND CALLOWAY[1], JJ.

---

[1] **Calloway, J.**, serving as judge *ad hoc* of the Court of Appeal, First Circuit, by special appointment of the Louisiana Supreme Court.

**CALLOWAY, J.**

This is an appeal of a judgment sustaining a peremptory exception raising the objection of no cause of action. For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL HISTORY**

At issue herein is the enforcement of criminal statutes, La. R.S. 15:540 through 15:549, relating to the registration of sex offenders, sexually violent predators, and child predators.[2] In April of 2023 plaintiff, Eugene Moore, petitioned for injunctive relief in the form of a temporary restraining order and preliminary injunction, against the State of Louisiana, Department of Justice, Office of the Attorney General,[3] Louisiana State Police, Louisiana Department of Public Safety & Corrections, Calcasieu Parish District Attorney's Office, Lake Charles City Police, and the Calcasieu Parish Sheriff's Office, prohibiting the enforcement of the sex offender registration statutes against him.

Within his petition, Moore averred that he plead guilty to carnal knowledge of a juvenile in violation of La. R.S. 14:80, among other charges, on April 23, 1992. Moore was sentenced to prison for his crimes on June 18, 1992, and released on parole on February 28, 1994. According to Moore's petition, he was "released from all parole supervision" in March of 1996. Moore was arrested on May 13, 2013, and several subsequent times, for violating the sex offender registration statutes. Moore alleged that at the time of his conviction, sentencing, and parole, carnal knowledge of a juvenile was not statutorily listed as a sex

---

[2] These provisions make it a crime for failure to comply with registration requirements. A person may also be ordered to register under La. R.S. 15:574.4, which falls under the section of Title 15 providing for parole. We note the law in effect at the time of release governs the terms of release, rather than the law in effect at the time of the commission of the underlying offense or at the time the inmate enters into the good time credits program. **Woodberry v. Louisiana Department of Public Safety and Corrections**, 2023-0203 (La. App. 1st Cir. 9/15/23), 372 So.3d 373, 377.

[3] We note that Moore titled this entity, the State of Louisiana Attorney General's Office in his petition for injunction. However, the agency identified itself as the State of Louisiana, Department of Justice, Office of the Attorney General in its pleadings, and therefore, will be identified throughout this appeal as such.

offense and therefore the sex offender registration statutes are inapplicable to him, after completion of his parole.[4] Thus, Moore claimed that as to himself, the application of the sex offender registration statutes are unconstitutional and in violation of the protections against double jeopardy and cruel and unusual punishment, in violation of his due process rights and are contrary to the *ex post facto* clause. Moore prayed for injunctive relief to be granted, restraining defendants from any further wrongful enforcement of the sex offender registration statutes upon a non-sex offense and good time release prior to the amendment of the La. R.S. 15:542 and 544 by 1995 Acts 928 §1 and 1995 Acts No. 1290 §1.

On June 5, 2023, defendant, Calcasieu Parish District Attorney's Office, filed a peremptory exception raising the objection of no cause of action, alleging that Moore had not stated a cause of action that the sex offender registration statutes are unconstitutional, as the Louisiana Supreme Court had already rejected such challenges, citing **State ex rel. Olivieri v. State**, 2000-0172 (La. 2/21/01), 779 So.2d 735, cert. denied, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001). Additionally, defendant asserted that Moore failed to state a claim of irreparable harm or threat of harm in order to justify an injunction. This exception was adopted by the Louisiana Department of Justice, Office of the Attorney General on June 8, 2023.

The exception was heard on December 11, 2023. Following party arguments, the trial court took the matter under advisement. Thereafter, judgment was rendered sustaining the exception raising the objection of no cause of action filed by defendants, Calcasieu Parish District Attorney's Office and the Louisiana

---

[4] Moore asserts that following his release from prison, he was required to register as a sex offender in accordance with La. R.S. 15:574.4 rather than La. R.S. 15:542.

3

Department of Justice, Office of the Attorney General, and Moore's claims against these parties were dismissed with prejudice.[5]

Moore filed the instant appeal arguing specifically that the trial court's ruling was improper considering that he was never informed of the sex offender registration and notification requirements until his release under La. R.S. 15:571.5 and 15:574.4. Moore further contends that the trial court's judgment was improper because there was no proof from the defendants that Moore had to comply with the sex offender registration and notification requirements, thereby violating his right to confront his accuser.

## LAW AND ANALYSIS

The peremptory exception raising the objection of no cause of action questions whether or not the law affords any remedy to the plaintiff under the allegations of the petition. **White v. State, Department of Public Safety and Corrections Office of Motor Vehicles**, 569 So.2d 1001, 1002 (La. App. 1st Cir. 1990) (*per curiam*). If a remedy is provided, the objection must be overruled. **Id.** The exception is triable solely on the face of the petition and any attached documents. See La. Code Civ. P. art. 931. All well-pleaded facts are accepted as true, and any doubts are resolved in favor of the sufficiency of the petition. **White**, 569 So.2d at 1002. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. **In re Interdiction of Coulon**, 2012-1429 (La. App. 1st Cir. 3/22/13), 116 So.3d 688, 690. The standard for granting an exception of no cause of action is as follows:

---

[5] The judgment at issue in this appeal contained both reasons for judgment and the actual judgment in one document contrary to La. Code Civ. P. art. 1918(B). However, we find the language of the Article governing final judgments stating that any written reasons for judgment shall be set out in an opinion separate from judgment is merely precatory and does not render a judgment, identified as such and complete in every respect, invalid merely because it contains surplus language. **Country Club of Louisiana Property Owners Association, Inc. v. Dornier**, 96-0898 (La. App. 1st Cir. 2/14/97), 691 So.2d 142, 149.

4

The burden of demonstrating that no cause of action has been stated is upon the mover or exceptor. In deciding the exception of no cause of action, the court must presume all factual allegations of the petition to be true and all reasonable inferences are made in favor of the non-moving party. In reviewing a trial court's ruling sustaining an exception of no cause of action, the court of appeal and [the supreme] court should subject the case to de novo review because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition. (Citations omitted.)

**City of New Orleans v. Board of Commissioners of Orleans Levee District**, 93-0690 (La. 7/5/94), 640 So.2d 237, 253.

As a general rule, Louisiana courts hesitate to interfere via injunction with the legitimate enforcement of criminal laws. To ensure that such interference does not lightly occur, the Louisiana Supreme Court has set forth three requirements that must be met to justify enjoining pending or threatened criminal proceedings. A court should not grant such an injunction unless the plaintiff shows with reasonable certainty that (1) the statute is manifestly unconstitutional, (2) irreparable injury is threatened, and (3) existing property rights will be destroyed by enforcement. **Knights of Columbus, Chapter No. 2409 v. Louisiana Department of Public Safety & Corrections**, 548 So.2d 936, 938 (La. 1989).

Moore averred that the application of the sex offender registration statutes to him is unconstitutional because carnal knowledge of a juvenile was not classified as a sexual offense when he was arrested, convicted, sentenced, or released on parole. Louisiana Revised Statutes 15:542 was added by 1992 La. Acts 388 and became effective June 18, 1992, the same day Moore was sentenced for the crime of carnal knowledge of a juvenile. The 1992 version of the statute provided in pertinent part, "[a]ny adult residing in this state who has plead guilty or has been convicted of any sex offense shall register with the sheriff of the person's residence." La. R.S. 15:542(A) (1992). That same statute defined "[s]ex offense" as

... a violation of any provision of ... Subpart A(1) or A(4) of Part V, of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950 ... committed prior to the effective date of this Chapter if the person, as a result of the offense, is under the custody of the Department of Public Safety and Corrections on or after the effective date of this Chapter...

La. R.S. 15:542(E) (1992); see also, **Smith v. State**, 2010-1140 (La. 1/24/12), 84 So.3d 487, 491 n.4.

The offense of carnal knowledge of a juvenile, in violation of La. R.S. 14:80, was expressly included in Subpart A(1) of Part V of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950 in 1992. Moreover, Moore was clearly in the custody of the Department of Public Safety and Corrections on the effective date of these statutes as Moore was sentenced on June 18, 1992 and was remanded to the custody of the sheriff's department. Thus, from the date of Moore's sentencing, carnal knowledge of a juvenile has been a registerable sex offense.

The Louisiana Supreme Court has determined that the sex offender registration statutes and requirements are not punitive, but rather remedial and may be applied retroactively without violating the prohibition of the *ex post facto* clause. **Olivieri**, 779 So.2d at 749-50. The Court also found that the sex offender registration statutes apply to all similarly-situated sex offenders, and thus do not violate the equal protection clause. **Olivieri**, 779 So.2d at 750. The determination that the statutes are nonpunitive also removes an essential prerequisite for Moore's double jeopardy and cruel and unusual punishment claims. See **Kansas v. Hendricks**, 521 U.S. 346, 369, 117 S.Ct. 2072, 2085, 138 L.Ed. 2d 501 (1997); **Does 1-7 v. Abbott**, 945 F.3d 307, 313 (5th Cir. 2019). Additionally, La. R.S. 15:543 provides for offender notification as required by the due process clause. It is apparent that Moore was aware of his requirement to register as a sex offender upon his release from prison, as he initially complied with this requirement.

According to La. R.S. 15:544(A), a person required to register as a sex offender under La. R.S. 15:542 shall comply with the applicable registration period

after conviction, if not imprisoned during that time. If the person required to register is imprisoned or confined to a penal institution pursuant to that conviction, he shall comply with the applicable registration period and provision after release from his confinement or imprisonment. Louisiana courts have also found that the period of time a sex offender is obligated to register may be extended during the time of the offender's original registration period without violating the *ex post facto* clause. **Smith**, 84 So.3d at 497; **State v. Billiot**, 2012-0174 (La. App. 1st Cir. 9/21/12), 104 So.3d 113, 117-18.

Although Moore averred that he was subject to arrest and prosecution for failure to comply with the sex offender registration and notification statutes in 2013 and onward, his petition specifically challenged the applicability of the sex offender registration statutes to his crime at the time of his arrest, conviction, sentencing and parole, and whether the statutes' application was unconstitutional. After a *de novo* review, we find that Moore failed to state a cause of action that the sex offender registration and notification statutes are unconstitutional and in violation of his due process rights, the *ex post facto* clause, equal protection, double jeopardy, or are cruel and unusual punishment.[6] We further see no amendment that Moore can make to his petition in this regard, which would not constitute a vain and useless act. See **Martin v. Board of Adjustment Through Chairman**, 2023-0658 (La. App. 1st Cir. 2/23/24), 387 So.3d 17, 22 n.9. Therefore, we affirm the trial court's judgment sustaining the Calcasieu Parish District Attorney's Office and the Louisiana Department of Justice, Office of the Attorney General's exception raising the objection of no cause of action, dismissing Moore's claims against these defendants with prejudice.

---

[6] Because Moore's petition fails to show the manifest unconstitutionality of any statute at issue, we pretermit consideration of whether Moore sufficiently plead the remaining factors necessary for an injunction, i.e., irreparable injury and destruction of existing property rights through enforcement. See **Knights of Columbus**, 548 So.2d at 938, 940.

## CONCLUSION

For the forgoing reasons, we affirm the trial court's ruling sustaining the Calcasieu Parish District Attorney's Office and the Louisiana Department of Justice, Office of the Attorney General's exception of no cause of action, and dismissing Eugene Moore's claims against these two defendants with prejudice. All costs of this appeal are assessed to plaintiff/appellant Eugene Moore.

**AFFIRMED.**